SUSAN R. MAYS, *et al.*, v. E. L. FOSTER, *as Adm'r, &c.*

1. LOST INSTRUMENT, *Action Upon; Practice.* In an action founded upon a written instrument, the plaintiff alleged the execution thereof, and set forth substantially its contents; and further alleged as a reason why a copy was not attached to and filed with the pleadings, that it had been lost. The answer of the defendant was not verified by affidavit. *Held,* There was no denial of the execution of the written instrument set forth in the petition.

2. SPECIAL FINDINGS, *When Disregarded.* Where the jury return special findings of facts, which are not in issue upon the pleadings, such special findings may be wholly disregarded, and treated as immaterial by the court in rendering judgment upon the general verdict.

3. SPECIAL FINDING, *Consistent with General Verdict.* Where a petition alleges the execution of a written obligation for the payment of the loan of $1,000, of about the date of February 19, 1875, and further alleges the execution, on March 6, 1875, of a mortgage conveyance as security therefor, and the jury return a general verdict for the sum mentioned in the written obligation, with interest, and also make findings of fact that no note or promise in writing was executed when the maker of the obligation obtained the money therein mentioned, and that no mortgage deed was executed at that time, and then make the further finding that fourteen days after the loan of the money such mortgage deed was executed to the payee thereof, *held,* that the special finding of the jury that no note or promise in writing was executed when the loan was obtained is not clearly inconsistent with the general verdict returned by the jury, because we may infer from all the findings that the written obligation was executed at the time of the execution of the mortgage conveyance, or at least at a time subsequent to the loan.

*Error from Montgomery District Court.*

ACTION brought by *E. L. Foster*, as administrator of the estate of George L. Foster, deceased, against *Susan R. Mays*, and nine others, to recover $1,000, with interest thereon at the rate of twelve per cent. per annum from February 19, 1875, and to foreclose a certain deed or mortgage upon the southeast quarter of section 32, township 34, range 17, east, in Montgomery county. Trial at the March Term, 1881, of the district court, and judgment for the plaintiff. The defendants bring the case to this court. The opinion states the facts.

*Ben. S. Henderson*, for plaintiffs in error.

*Geo. & Jos. Chandler*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The defendant in error filed his petition in the district court of Montgomery county, against the plaintiffs in error, (two of whom, Valinta and Ida Mays, are minors,) and alleged among other things, that during the lifetime of George L. Foster and William L. Mays, the latter, about the 19th day of February, 1875, became indebted to the former in the sum of $1,000; that at the time of obtaining this money, William L. Mays made, executed and delivered unto George L. Foster, his certain written obligation of about that date, whereby he promised, for value received, to pay to George L. Foster, on the 19th day of February, 1880, $1,000, with interest thereon at the rate of twelve per cent. per annum, which sum and interest are now due and owing; that the written obligation was wholly lost or destroyed, and therofore he was unable to attach or file a copy of it with the pleading. The petition also alleged that William L. Mays and Susannah R. Mays, on the 6th day of March, 1875, executed a conveyance of certain real estate, absolute upon its face, but given and accepted as a mortgage security for said sum and interest; that the plaintiffs in error (defendants

below) were all, and the only heirs of the said William L. Mays. The prayer of the petition asked judgment for the sum of $1,000 and interest, together with attorney's fees and costs; that the judgment should be declared a lien upon the real estate described in the mortgage; that defendants below be foreclosed of any and all rights to the real estate, and for-ever barred and enjoined from setting up any claim, lien, title, or interest thereto. Afterward, the defendants, except the infants, filed a joint answer alleging, first, a general denial; second, that there never was any note or memorandum in writing executed at the time of the loan, or at any other time thereafter, and that there was no specified time agreed upon for the payment thereof, also alleging payment; third, statute of limitation; fourth, setting out a bond from Foster to Mays, asking for affirmative relief. The answer was not verified by affidavit. To this answer, plaintiff below filed a reply. The infant defendants appeared by B. S. Henderson, their guardian *ad litem,* and filed a general denial. The action was tried to the court with a jury, at the March term, 1881. The jury returned a general verdict in favor of the plaintiff in the action, for the sum of $1,680, and also made the fol-lowing findings of facts:

"1. Were the deed and bond introduced in evidence, de-livered at the same time? Yes.

"2. Was the deed in question executed at the time the contract was made between G. L. Foster and W. L. Mays for the loan of $1,000? No.

"3. At the time W. L. Mays obtained this loan of the $1,000, was there any note or promise in writing executed by him to G. L. Foster, and if so, when did it become due? No.

"4. If there was no note or promise in writing, signed by W. L. Mays in favor of G. L. Foster, at the time of obtain-ing $1,000, what was the contract, and when was it to be performed? $1,000; payable in five years, at twenty per cent. interest.

"5. When did the indebtedness of W. L. Mays to G. L. Foster become due and payable? February 20, 1880.

"6. If your answer to question No. 2 should be 'No,' how long after the payment of the money by Foster to Mays was

it until the deed in evidence was executed and delivered to G. L. Foster? Fourteen days after.

"7. What was the consideration of the deed from Mays to Foster, and for what purpose was it given? One thousand dollars, for the security of the payment of one thousand dollars and interest thereon."

Defendants below filed a motion for judgment upon the special findings of the jury. This was overruled. The court rendered judgment in favor of the plaintiff below, and entered a decree that the mortgaged premises be charged with the payment of the judgment and costs, and also that the defendants be barred and foreclosed, after sale, of all right, title, or interest therein. Exceptions were taken to the rendition of the judgment, and plaintiffs in error bring the case here.

A very elaborate and able brief has been filed by their counsel, mainly upon the question, that as the jury found no note or promise in writing was executed by W. L. Mays at the time he obtained the loan of $1,000, the statute of frauds applies in the case, and bars any recovery. It would serve no useful purpose to review the authorities cited and commented upon, as in our view, with the adult defendants there was no controversy about the execution of the written obligation; and as to the infant defendants, the special findings of the jury are not clearly inconsistent with the general verdict, because there is not any finding that no note or promise in writing was ever executed. The petition clearly alleged the execution of the written instrument sued on, and also set forth the reason why a copy was not attached and filed with the pleading. The answer of the adults was not verified, and therefore the allegation of the execution of the obligation sued on must be taken as having been admitted. Every pleading controverting the execution of a written instrument must be verified by affidavit; otherwise, the allegation shall be taken as true. (Code, § 108.) Therefore there was no issue of fact as to the adult defendants with refererence to the execution of the instrument upon which any finding was pertinent. If any finding of the jury controverts any of the allegations of the

petition admitted by the answer, such finding cannot control the general verdict. The third interrogatory to the jury was answered, that no note or promise in writing was executed by Mays at the time he obtained the loan of the $1,000. But a further finding of the jury shows that the mortgage convey- ance was not executed at the time the contract was made between Foster and Mays for the loan, but was executed four- teen days after. Therefore the answer to the third interrog- atory is not conclusive that no note or promise in writing was ever executed. It is simply a finding that the writing was not executed at the time of the loan. As the mortgage deed was not executed until fourteen days after the loan, it may well be inferred from all the findings, that the written obli- gation sued on was executed at the same time, or at least at a time subsequent to the loan. We cannot, therefore, say that the special findings of fact are inconsistent with the general verdict. We therefore perceive no error in the court giving judgment upon the general verdict. The question of the statute of frauds upon a promise not in writing, is not prop- erly before us.

The judgment of the district court must be affirmed.

All the Justices concurring.