E. J. LOUGHRAN V. DES MOINES STREET RAILWAY COMPANY *et al.,* Appellants.

**Appeal: ERROR:** *Pr sump ion of pr judice.* A presumption that an erroneous instruction is prejudical prevails unless the evidence is such as to overcome it.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

WEDNESDAY, APRIL 5, 1899.

ACTION for malicious prosecution. Judgment for plaintiff, and the defendants appealed.—*Reversed.*

*N. T. Guernsey* for appellants.

*C. C. Cole* for appellee.

GRANGER, J.—This is an action for damages for malicious prosecution. The plaintiff is a citizen of Des Moines, and his business is that of a brass founder and a worker in metals. The defendant company uses copper wire in the operation of its railway lines. Some of its wires on a part of its lines was missing, and a quantity of it was found in possession of the plaintiff by an officer with a search warrant. This, with other information, led to his arrest on an information charging petit larceny, filed by defendant Scholes, who was in the employ of the defendant as a detective. It appeared that the wire was taken by some boys, and was purchased from them by plaintiff, and the theory of the prosecution was that plaintiff had so acted as to be criminally liable. On the trial of the information the plaintiff was acquitted, and this action is for damages on the ground that the prosecution was instigated by the defendants maliciously and without probable cause.

On the question of probable cause, the court instructed the jury that the burden was upon the defendants to show that they had probable cause for believing the plaintiff was guilty of the crime of larceny. This cause was tried in the district court before *Philpot v. Lucas,* 101 Iowa, 478, was determined in this court; and, in view of that case, it is conceded that the instruction of the court is erroneous, but it is urged that the error is without prejudice. From the error in the giving of the instruction, prejudice is presumed, and the record is not such as to overcome that presumption. In fact, the separate readings given the case in this court show a decidedly contrary impression from the evidence, and we readily concur in the conclusion that the error was prejudicial. We discover no other reversible error.—REVERSED.