<span style="margin-left:2em">10. ESTATES OF</span>
<span style="margin-left:3em">DECEDENTS:</span>
<span style="margin-left:3em">administra-</span>
<span style="margin-left:3em">tion: notice.</span>

administrator, and that was all that was prayed. She might assume that the notice was to her as the widow of deceased, and was not bound to anticipate that claims would be allowed, nor to set up her interest in the land until application should be made for its sale.

In any event, she did not acquire the title which she now sets up until six years later through one as to whom there was no adjudication, and for this reason the plea of estoppel must fail. As defendants Burnett and Brigham were owners of the land, the petition was rightly dismissed.—*Affirmed.*

---

WILLIAM GRAHAM, Appellant, v. TIMOTHY DILLON.

**Evidence:** BOOKS OF ENTRY: ADMISSIBILITY. Where a witness has 1 testified that at the time a memorandum of account was made by him in a book of original entry he knew its contents and knew it to be true, both his testimony and the book are competent evidence, although the witness has no independent recollection of the fact, even after his recollection has been refreshed.

**Admission of evidence:** HARMLESS ERROR. Where a party offers 2 parts of the testimony of the other party taken in another action between the same parties with others, and involving the same issue, its admission on the condition that the entire evidence be read was not prejudicial error, where there was nothing in the evidence to mislead or confuse the jury.

**Attorney and client:** COMPENSATION: EVIDENCE. In an action by an 3 attorney for compensation it is proper to show the nature and extent of the service in connection with which the charge is made; as the amount paid defendant as receiver of a company, where some of plaintiff's charges had relation to services rendered defendant as such receiver.

**Same:** INSTRUCTION. An instruction in this action by an attorney 4 for compensation that while the testimony of attorneys as to the value of plaintiff's services is competent and should be given consideration it is not conclusive, and that the jury is at liberty to consider the matter in the light of their own individual ex-

perience and knowledge, was correct when considered in the light of the record.

*Appeal from Dubuque District Court.*—Hon. M. C. Mathews, Judge.

Friday, May 14, 1909.

Rehearing Denied Friday, October 1, 1909.

Suit to recover for services as attorney. Counterclaim for money loaned. Trial to a jury, and verdict and judgment for the defendant. Plaintiff appeals.—*Affirmed.*

*Andrew P. Gibbs, Lacy, Brown & Lacy,* and *W. & J. Graham,* for appellant.

*Lyon & Lyon,* for appellee.

Sherwin, J.—This action was brought to recover for services rendered by the plaintiff at different times between February, 1898, and December, 1905; the amount claimed being $5,545.45. There was a denial of indebtedness, an allegation of payment, and a counterclaim for money loaned to the plaintiff. The aggregate amount of money loaned and the payments made for plaintiff's services, as alleged by the defendant, exceeds the amount claimed of him by the plaintiff. The defendant had been having important litigation for some years before this suit was brought, and the plaintiff had been his principal attorney in said litigation. On the trial the defendant produced a book which he claimed was a book of original entries made by himself in the usual course of business, and the book contained entries showing payments and loans made to the plaintiff at different times and in different amounts; the payments covering the period of the plaintiff's employment. Using this book to refresh his recol-

lection, the defendant testified to the payments and loans therein entered, and the book was then received in evidence. This ruling of the trial court furnishes the foundation for the appellant's most serious complaint. It is probably true that, under some of the early decisions of this court, the book alone would not be competent evidence of payments and loans. *Veiths v. Hagge,* 8 Iowa, 163, and cases following the rule therein announced. But even in that case and subsequent ones following it an exception was recognized in favor of books used in the business of banks and others engaged in a similar business, and in the opinion of the writer, where business transactions between an attorney and his client extend over a period of years and involve charges for services and payments made from time to time, a book showing such payments may well be brought within the exception noted, for the reason that attorneys and clients do not ordinarily pass receipts for payments made on account.

But, whatever the rule should be in such cases, we need not now determine the question, because, the defendant having used the book to refresh his recollection, there was no error in permitting it to go to the jury. *State v. Brady,* 100 Iowa, 191; *State v. McGruder,* 125 Iowa, 741; *Furlong & Meloy v. Ins. Co.,* 136 Iowa, 468; *Bradley v. Chesebrough,* 111 Iowa, 126; *Callihan v. Washington Water Power Co.,* 27 Wash. 154 (67 Pac. 697, 56 L. R. A. 772, 91 Am. St. Rep. 829) and cases cited thereon; *Curtis v. Bradley,* 65 Conn. 99 (31 Atl. 591, 28 L. R. A. 143, 48 Am. St. Rep. 177). Under the rule of the cases cited, if a witness can testify that at or about the time a memorandum or entry was made he knew its contents, and knew it to be true, his testimony and the memorandum are both competent evidence, although the witness can not testify to the facts as a matter of independent recollection, even after his memory has been refreshed.

1. EVIDENCE: books of entry: admissibility.

The value of the memorandum or entry as evidence is for the jury to determine as it must determine the weight to be given the testimony relating to the entry. The plain-

2. ADMISSION OF EVIDENCE: harmless error.

tiff offered in evidence portions of testimony given by the defendant in an action involving the same issue brought by the present plaintiff against Dillon and others, and the court admitted it only on condition that the entire testimony on the subject be read. There was no prejudicial error in the ruling, and we do not think the jury was misled or confused by hearing such testimony.

Nor was there error in allowing the defendant to show the amount actually received by him as receiver of the

3. ATTORNEY AND CLIENT: compensation: evidence.

George Dee & Sons Co. The plaintiff had a charge for services rendered the defendant as such receiver, and it was proper to show the nature and extent of the business in connection with which the charge was made.

The jury was instructed that, while the testimony of attorneys as to the value of the plaintiff's services was competent and should be given due weight, it was not

4. SAME: instruction.

conclusive, and that the jury might also consider the question in the light of the knowledge and experience of its individual members. The instruction was in accord with the rule of this court. In other instructions the attention of the jury was directed to the charges for "term fees" and for consultations; and the jury was told that it was for them to determine whether such charges were reasonable under all of the circumstances shown. The rule we think a correct one under the record before us. The plaintiff presented a claim of $3,000 for one thousand five hundred office consultations, and, in view of the amount of litigation he was attending to for the defendant, the charges therefor, and the fact that the consultations generally related to such business, we think no fault may justly be found with the

instructions criticised.   We have given the record in this case much careful attention, and reach the conclusion that no error appears for which there should be a reversal. The judgment is therefore *affirmed.*