COLLEY v. SAPP *et al.*

No. 3040.  Opinion Filed May 12, 1914.

On Rehearing September 1, 1914.

Second Rehearing Denied September 22, 1914.

(142 Pac. 989, 1193.)

1.  **ATTORNEY AND CLIENT—Attorney's Fee—Corporations.** Where C. is contractually bound to pay attorneys the reasonable value of all their services, in the greater part beneficial to a corporation in which C. is a stockholder and in the other part beneficial only to C. as an individual, where the court in which the service is performed makes and said attorneys accept an allowance against said corporation, in part satisfaction of said fee, in the sum of $10,000, in full for such services beneficial to said corporation, and where said sum of $10,000 is less than that portion of the whole fee fairly referable and apportionable to said services beneficial to said corporation, C. is released from liability for said $10,000, plus the amount in excess thereof so fairly referable and apportionable, and is thenceforth liable only for such portion of the whole fee as is fairly referable and apportionable to the services not so beneficial to the corporation.

2.  **EVIDENCE—Opinion—Probative Effect—Value of Attorney's Services.**  The opinion of witnesses as to the value of services of attorneys is not conclusive upon the jury; and, notwithstanding such opinion, the jury may find such value to be less, within the bounds of reason.

3.  **APPEAL AND ERROR—Instructions—Presumption.**  It must be presumed that the jury followed the instructions of the court, although same are erroneous, whenever their verdict is susceptible of explanation upon any theory other than that they have not done so.

4.  **EVIDENCE—Competency—Value of Attorney's Services.** Where a witness has not heard quite all the evidence to which he is referred as the premise for his opinion as to the value of services of attorneys, where neither the portion heard nor the portion unheard is specifically shown, and where it appears that he probably erroneously assumed in the predicate for his opinion that such attorneys' right to compensation under their contract of employment was contingent upon the success of their services, it is error to permit him, over objection, to give, as evidence, his opinion as to the value of such services.

5.  **EVIDENCE—Opinion Evidence—Hypothetical Question.**  It is within the discretion of the trial court to permit a qualified witness, who has heard all the evidence, in which there is no material conflict and which is sufficiently comprehensive of the facts fairly essential to be considered, to which he has been

referred as a′premise for his opinion as to the value of the services of attorneys, to give his opinion as to such value from such evidence, without putting to him the usual hypothetical form of question embodying a statement of the premise for the opinion; and there is no error where there is no abuse of such discretion.

6.   **WITNESSES—Cross-Examination—Opinion—Value of Services.** Where a witness has given his opinion as to the value of services, it is error to refuse to permit him to be cross-examined as to any prior statement or conduct susceptible of being reasonably considered inconsistent with or disprobative of such opinion.

7.   **APPEAL AND ERROR—Presumptions—Jurisdiction—Property Subject to Attachment.** Where defendant is a non-resident of this state who was not and could not be personally served with summons within this state, and the jurisdiction of the cause of action is dependent upon notice by publication and attachment of his one-half undivided interest as a lessee in a lease-hold estate in lands beneficially owned by a member of the Creek Tribe of Indians, and subject to the supervision of the Secretary of the Interior, but neither the lease contract nor any term thereof in any manner appears, it will be assumed that such property is subject to such attachment.

## On Rehearing.

8.   **ATTORNEY AND CLIENT—Action for Fees—Petition—Construction.** Where a petition of attorneys for the recovery of an unpaid balance of reasonable compensation for their services as such in a prior action by the present defendant, who there sued in his own right in respect to a part of the relief sought and in the right of a corporation in respect to the other relief sought, and who engaged the services of plaintiffs upon his own obligation to pay them for the whole of their services such sum as the same were reasonably worth, alleges that "said suit was expected to and did result in a decree in part beneficial to said" corporation, and "the court trying said cause fixed and adjudged attorney's fees and compensation against said" corporation "in favor of the plaintiffs"; that "the services, so as aforesaid rendered to the defendant, excluding the allowance aforesaid, are of the reasonable value of ten thousand ($10,000) dollars; that the said defendant at the time of the bringing of said suit paid the plaintiffs the sum of five hundred dollars ($500); and that the balance, to wit, the sum of nine thousand and five hundred dollars ($9,500) is still due the plaintiffs, and unpaid," etc., where there is no other pertinent allegation, and where the order of the court making such allowance recites that the same is in full of all services beneficial to such corporation, such petition will be construed as demanding such balance after allowing as a credit upon the whole fee to which plaintiffs were originally entitled the amount so allowed by said court according to the terms of the order of such allowance; and plaintiffs are not entitled upon such allegation to recover as

such balance additional compensation for any portion of their services beneficial to such corporation, especially where it appears from their own evidence that such order was made at their request and in their own right, and at a time when defendant was represented by other counsel in respect thereto.

9.  **CORPORATIONS—Action by Stockholder—Attorney's Fees—Right to Allow—Amount.** Where a stockholder, who is not directly injured nor entitled to sue in his own primary right, sues in a federal court in the primary right of his corporation, which had been directly injured, for relief for which such corporation should have sued, and such suit results in benefits direct to such corporation, so that such stockholder and his attorneys may properly be regarded as representing such corporation in such suit, the court trying the case has the power to allow, and may rightfully allow, such attorneys full compensation for their services, which were successful and resulted in such benefits, out of any corporate funds in its hands or corporate property under its control in such suit, and in fixing the amount of such allowance, where such stockholder employed such attorneys upon a contract to pay them the reasonable value of their services, the order of allowance is not necessarily limited to the value of the services which resulted in bringing funds into court or property under the control of the court, but may be for full compensation for all such services as resulted in such benefits to such corporation, provided there are such funds or is such property out of which the same may be paid.

(Syllabus by Thacker, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by Edward Sapp and Hiram W. Curry against William E. Colley. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*Karnes, New & Krauthoff, Arthur Miller, Thomas D. Lyons,* and *Benjamin F. Rice,* for plaintiff in error.

*A. J. Biddison* and *Harry Campbell,* for defendants in error.

Opinion by THACKER, C. Plaintiff in error will be designated as defendant and defendants in error as plaintiffs, in accord with their respective titles in the trial court.

An issue of fact was made in this case by petition for the recovery of an alleged balance unpaid on a charge for services rendered by plaintiffs as attorneys at law on a written contract,

by the terms of which they were to receive the fair and reasonable value of their services as compensation, and an answer thereto, consisting merely of an unverified general denial. The petition alleges that, as duly licensed attorneys at law in the Circuit Court of the United States for the District of Kansas, plaintiffs were employed by and faithfully and diligently served defendant under said contract in a certain suit in said federal court, wherein the latter "for himself, and also for himself as stockholder in the New York Zinc Company, and all other stockholders whose situation in said corporation was similar in that behalf to that of 'himself,' sought to have set aside and cancelled divers and sundry mortgages, judgments, liens, claims, and debts, which * * * Chas. C. Walcott and Frances E. Walcott had and held against certain mining lands and property belonging to said New York Zinc Company, to have cancelled and returned to the treasury of said New York Zinc Company $150,000 of the capital stock of said company, to recover from said Walcotts a large amount of stock of said New York Zinc Company for the use and benefit of said William E. Colley" (the present defendant); that, after all the testimony was taken, after the case had been submitted to a special master, after said master had filed his report recommending to said federal court that a decree be entered granting substantially all the relief asked by defendant in that suit, and after plaintiffs had, during the pendency of said master's report, continued to faithfully and diligently prosecute said suit, "defendant breached his said contract with plaintiffs in this: That said defendant, before a decree had been entered on the said report of the said master, hired other counsel and requested these plaintiffs to withdraw from said case, and thereupon, and on the 1st day of July, 1908, these plaintiffs asked for and obtained from the said Circuit Court of the United States an order permitting these plaintiffs to withdraw from said cause, which order was so entered with the consent of the defendant herein, and thereupon the fees which these plaintiffs had earned in the prosecution of said suit became due and payable;" that "said suit was expected

to and did result in a decree in part beneficial to said entity" (the New York Zinc Company), and "the court trying said cause fixed and adjudged attorneys' fees and compensation against said entity in favor of the plaintiffs;" that "the services, so as aforesaid, rendered to the defendant, excluding the allowance aforesaid, are of the reasonable value of $10,000; that the said defendant at the time of the beginning of said suit paid the plaintiffs the sum of $500, and that the balance, to wit, the sum of $9,500 is still due plaintiffs, and unpaid;" etc.

It appears that the answer, being unverified, in effect admitted the terms of the written contract as alleged in the petition. St. Okla. 1893, sec. 3986; Rev. Laws 1910, sec. 4759; *Flesher v. Callahan,* 32 Okla. 283, 122 Pac. 489; *Commonwealth Nat. Bank of Dallas, Tex., v. Baughman,* 27· Okla. 175, 111 Pac. 332; *Owen v. U. S. Surety Co.,* 38 Okla. 123, 131 Pac. 1091; *Mays et al. v. Foster, as Adm'r., etc.,* 26 Kan. 518.

But it denies that there was any balance due plaintiffs, and all the allegations of the petition in that regard, so that the issue of fact only involved inquiry and ascertainment as to the performance, the extent, and the reasonable value of all of plaintiffs' services, the fact and cause of the discharge of plaintiffs, the terms and subtractive effect of said allowance in the federal court, the simple mathematical effect of the receipt of $500 at the commencement of said suit, and, as the ultimate fact, the balance, if any, owing and due plaintiffs.

The terms of the said allowance in the federal court were accepted by and are binding upon plaintiffs; and they are as follows:

"Edward E. Sapp and Hiram W. Curry, for their services rendered in this case as solicitors, beneficial to the New York Zinc Company, shall have and recover from the New York Zinc Company the sum of ten thousand ($10,000.00) dollars, *the same being in full for such services,* such allowance to be hereafter paid in such manner as this court may order and adjudge."

If plaintiffs at the commencement of this action had not actually, received payment of that portion of their whole charge

against defendant which is embraced in said allowance, we feel justified by the fact that the present action is for a balance, and by the attitude of both parties throughout the present case in respect to said order, in assuming that defendant was released from liability to the full extent of that allowance; and this brings us to the inquiry as to whether the allowance has the effect of reducing the whole fee by the $10,000 allowed, or by the value of the services beneficial to the New York Zinc Company, or by both said amount and the value of said services, so that if either exceeds the other, defendant is entitled to have the whole fee reduced by the greater subtrahend.

The language of the order of allowance seems to exclude the idea of any limitation to the *ipso facto* deduction of $10,000 from the whole fee and to make the value of the *services beneficial to the New York Zinc Company* also a subtrahend which may, if it exceeds in value, $10,000, be used to reduce the amount of the whole fee originally chargeable to defendant; and the language "in full for such services," would have to be in effect stricken out, while the language, "for their services rendered in this case as solicitors, beneficial to the New York Zinc Company," would have to be denied its most naturally and easily understood meaning to warrant a different conclusion.

The New York Zinc Company was under no contractual obligation to pay any part of the fee, but, until said allowance was made, the defendant was under such obligation to pay the whole of same; and, while the allowance of $10,000 *ipso facto* reduced the whole fee by that amount, the language, "in full for such services," in the order of allowance, clearly eliminates from the elements of value for which a recovery may be had against defendant all services beneficial to the New York Zinc Company, and the allowance limits the amount thenceforth chargeable to defendant to such amount of the whole fee as may be fairly referable and apportionable to other services in the case not to exceed the amount of the difference between the $10,000 allowed and the whole fee.

It appears that the master recommended and the federal court entered a decree against Mr. and Mrs. Walcott beneficial to the New York Zinc Company as follows: (1) for the cancellation of a mortgage indebtedness against said company in the sum of $50,000; (2) for the cancellation of a claim allowed against said company in the sum of $19,000; (3) for the cancellation of another claim allowed against said company in the sum of $11,000; (4) for the cancellation or satisfaction of a judgment against said company in the sum of $8,000; (5) for the recovery of $6,566.85; (6) for the return of 5,400 shares, as treasury stock, of the face value of $135,000, but, according to the report of said master, of the actual value of $27,000, or, according to evidence adduced by defendant in this case, of the actual value of $15,428.57 at the commencement of the action in the federal court, and less when it had terminated; and (7) for the sale of certain other shares of such stock for the payment of said sum of $6,566.85 and for the payment of the costs of the suit, amounting to about $6,000. It further appears that the said recommendation and decree were for the return and restoration to defendant, as an individual, of 3,904 2-3 shares of stock in said company of the face value of $97,616.66, but, according to said report of the master, of the actual value of $19,523.33, or, according to evidence adduced by defendant in this case, of the value of $11,156.19 at the commencement and between $8,367.12 and $6,772.62 at the conclusion of the litigation in the federal court; but the whole number of shares of such stock defendant asked to be so returned and restored was 8,000, a return and restoration of 4,095 1-3 shares being denied by the court. It thus appears that in the present action plaintiffs were only entitled to recover the fair and reasonable value of their services fairly referable and apportionable to the effort made to recover 8,000 shares and the actual recovery of 3,904 2-3 such shares of stock in the New York Zinc Company, but not to exceed the difference between the $10,000 allowed and the whole fee owing at the time of the allowance—in other words, not only the $10,000 allowed, but, if that portion of the whole fee fairly referable and apportionable

to the services beneficial to the New York Zinc Company exceeded that sum, such excess should be deducted from the whole fee. The court, we think, erroneously instructed the jury that:

"The amount that may be recovered from the defendant by the plaintiffs is not to be governed in amount by the services performed for his individual benefit, and which inured to him alone as distinguished from the other stockholders of the New York Zinc Company, and that corporation itself, but the liabilities of the defendant would be for the service performed under the contract, regardless of parties benefited thereby, less any compensation otherwise received by plaintiffs or which has been otherwise provided for their benefit."

The jury returned a verdict for only $7,000, which amount, it appears, exactly corresponds with the difference between the value of the services beneficial to the New York Zinc Company (apparently $12,500) plus the $500 received by plaintiffs at the commencement of their services and the whole fee according to the only specific testimony as to the value of all their services; and if we could say that the jury thus allowed defendant a credit of the $2,500 in deference to the fact that the services fairly referable and apportionable to the benefits received by the New York Zinc Company in that amount exceeded the $10,000 allowed against it, the error in the instruction mentioned would be harmless; but, instead of giving credit for $2,500 as such excess, the jury may have found, and we must assume followed the instructions and did find, the value of all the services rendered by plaintiff to be only $17,500, which explains the fact that the verdict for $7,000 is $2,500 less than it should have been if the jury had accepted as correct the opinions of the witnesses specifying $20,000 as the minimum value of all the services, so it appears the error was not harmless.

As the trial court in effect instructed the jury, the opinion of witnesses as to the value of services of an attorney has only such probative force as the jury may determine, within the bounds of reason; and no conclusive effect upon the jury can be, as a matter of law, accorded such opinions, except that in no case can a verdict be given for an amount in excess of the amount claimed by the evidence adduced. Jones on Evidence (2d. Ed.) sec.

1392 (394); 3 Mod. Law of Ev. (Chamberlayne) secs. 2166, 2171f; *Spence v. Collins,* 156 Cal. 298, 104 Pac. 320, 20 Ann. Cas. 49; *Graham v. Dillon,* 144 Iowa, 82, 121 N. W. 47; *Brooklyn Heights'R. Co. v. Brooklyn City R. Co.,* 124 App. Div. 896, 109 N. Y. Supp. 31, affirmed in 196 N. Y. 502, 89 N. E. 1096; *Ferry v. Henderson,* 32 App. D. C. 41; *Howe v. Lincoln,* 23 Kan. 333.

In the present case one of the witnesses who specified $20,000 as the value of all the services did not hear quite all the evidence, and contrary to the fact established by the state of the pleadings, based his opinion upon the assumption that the fee was contingent, while another so testified upon the assumption (contrary to the testimony subsequently adduced by defendant, which was the only testimony in point, although in accord with a suggestion made by defendant's counsel) that the property involved in the litigation in the federal court was worth $140,000, as the master reported; and the elements of value upon which each of the witnesses based his opinion are so uncertain as further to detract from the probative effect of this opinion evidence.

It must be presumed that a jury has followed the instructions of the court whenever their verdict is susceptible of explanation upon any theory other than that they have not done so. *Atchison, T. & S. F. Ry. Co. v. McClung,* 59 Fed. 860, 8 C. C. A. 322; *Southern Pacific Co. v. Earl,* 82 Fed. 690, 27 C. C. A. 185; *Durant Min. Co. v. Percy Consol. Min. Co.,* 93 Fed. 166, 35 C. C. A. 252; *Borkenstein v. Schrack,* 31 Ind. App. 220, 67 N. E. 547; *Lougran v. Des Moines St. Ry. Co.,* 107 Iowa, 639, 78 N. W. 675; *Morris v. Grand Ave. Ry. Co.,* 144 Mo. 500, 46 S. W. 170; *D. M. Osborne & Co. v. Francis,* 38 W. Va. 312, 18 S. E. 591, 45 Am. St. Rep. 859; *Louisville & S. I. Trac. Co. v. Korbe,* 175 Ind. 450, 93 N. E. 5, 94 N. E. 768; *Central of Ga. Ry. Co. v. Chambers* (Ala.) 62 South. 724.

It is further urged that the trial court erred in permitting the three witnesses (two practicing attorneys at law and the other a judge), who corroborated the plaintiffs themselves to give their opinion as to the value of such services as plaintiffs, in testimony heard by these witnesses, claimed to have performed

in the federal court, and without the usual hypothetical form of question. Defendant insists that, instead of questioning these three witnesses upon the evidence they heard from the plaintiffs, a hypothetical question fairly embodying all the facts constituting the elements of value, or throwing light thereon, should have been put to them; but, although such form of question may generally be the better practice, it is within the discretion of the trial judge, "when it does fair justice," to permit a witness to give his opinion upon testimony which he has heard or read, when there is no material conflict in the evidence to which the witness is referred and from which his opinion is to be formed. Wigmore on Evidence, sec. 681; The Mod. Law of Ev. (Chamberlayne) secs. 2481-2483; Jones on Evidence (2d Ed.) secs. 372-374; Elliott on Evidence, sec. 1117. No abuse of such discretion appears.

There does not appear to be any material conflict in the evidence upon which the opinions of the witnesses were based; and the conflict to which attention is directed in the brief for the defendant appears to be the result of other and subsequent evidence; but it does appear that there was error in permitting one of the three witnesses to give his opinion as to the value of these services upon an unspecified portion of the evidence which was all he had heard and to which he was referred as the basis for his opinion, and upon the erroneous assumption by the witness that the employment of plaintiffs was of a "contingent nature," which assumption was not in accord with the fact as established by the state of the pleadings and not a proper part of a permissible premise for such opinion. This witness said he had heard all of the evidence to which the inquiry referred except an unspecified portion given during his absence for about ten minutes in the forenoon and another ten minutes in the afternoon of the day of his testimony; and it appears probable that he thought the plaintiffs' fee was contingent upon the success of the litigation. See authorities above cited, and also Elliott on Ev. sec. 1120; Jones on Ev. (2d. Ed.) sec. 371; Wigmore on Ev. secs. 672-680; The Mod. Law of Ev. (Chamberlayne) secs. 2458-2462.

It is further urged as error that the trial court refused to admit evidence to the effect that, during the time of the preliminary negotiations which culminated in the contract sued on, the plaintiffs proposed to defendant a fee of $2,500 for the same services that constitute the basis for the whole fee of $20,000 now claimed to be a reasonable charge; and, although such evidence would not be admissible to affect any term in the contract sued on in this case, it appears that there was error in refusing to require Edward E. Sapp, one of the plaintiffs, to testify on cross-examination that he had offered to take the federal court case "in all its phases for $2,500" after he had been counsel in a similar case between the same parties, commenced and discontinued in a state court, and had made an examination of the various questions involved in the case in the federal court; and, perhaps, the same error occurred in refusing to permit the introduction of a letter from this plaintiff to defendant containing, among other things, that proposition, although we deem it unnecessary to determine this so closely related and so nearly, if not quite, identical question. Assuming, as we must in discussing this error, that, at the time of the $2,500 proposition, the witness contemplated so nearly the same services and results therefrom as those which were afterwards performed and obtained that the $2,500 proposition was reasonably susceptible of being considered inconsistent with his present opinion, and these plaintiffs claim that $20,000 is a reasonable charge for the same, the defendant was entitled to have the jury determine whether, and to what extent, such proposition militated against the faith and credit they would otherwise give the present opinion of the plaintiff as a witness and the present claim of the two plaintiffs that $20,000 was a reasonable charge; and the mere fact that the $2,500 proposition does not necessarily represent the opinion of the witness as to the value of the services at that or any other time, nor necessarily detract from his present opinion, does not justify its exclusion, as, unexplained, it certainly reasonably tends to do so and its disprobative effect is for the jury to determine.

This evidence was admissible under the impeachment rule. Wigmore on Ev. secs. 1040, 1041; The Mod. Law of Ev. (Chamberlayne) sec. 2171h, also see secs. 1309, 2542; Jones on Ev. (2d. Ed.) sec. 844; Abbott's Civil Jury Trials, 241-246; and *San Diego Land & Town Co. v. Neale,* 88 Cal. 50, 25 Pac. 977, 11 L. R. A. 604); and, also, perhaps, under the admission rule (Wigmore on Ev. secs. 267, 1060; The Mod. Law of Ev. [Chamberlayne] secs. 1309, 2542; Jones on Ev. [2d. Ed.] secs. 235, 237; Abbott's Civil Jury Trials, 240, 241), but, of course, was subject to explanation by plaintiffs.

It is further urged that, the defendant being a nonresident of the state and not personally served with summons, the attachment of defendant's undivided one-half interest, as a lessee, in a leasehold estate in lands beneficially owned by a member of the Creek Tribe of Indians and subject to the supervision of the Secretary of the Interior, did not give the trial court jurisdiction of this cause, for the alleged reason that such leasehold estate is not subject to attachment; but neither the lease contract itself nor any term thereof is before us, and the brief and record do not disclose sufficient facts in this regard to enable us to determine this question; and we will assume the same was subject to such attachment.

We deem it unnecessary to discuss other errors assigned.

For the reasons stated in this opinion, this case should be reversed and remanded with instructions to grant a new trial.

## On Rehearing.

Opinion by THACKER, C. We think still that the language of plaintiffs' petition, as quoted in the original opinion, shows that this is an action for a balance after allowing defendant a credit of just what the federal court allowed the plaintiffs plus $500 paid the plaintiffs by the defendant about the time of the commencement of the action in that court. We are unable to construe plaintiffs' petition otherwise than as, by implication at least, admitting that defendant is entitled to such credit allow-

ance *according and subject to the terms of the order of the federal court making the same.* We refer to the language of the petition, quoted in our original opinion as carrying this implication, as in effect admitting the existence and validity of the order and that plaintiffs are accepting beneficiaries.

In the petition for rehearing, it is stated:

"As appears from the evidence in this case, much of the efforts of Curry and Sapp on behalf of the New York Zinc Company, while successful, did not result in the bringing of any fund into court nor the recovery of property, but the cancellation, merely, of unauthorized liens. The federal court, therefore, in making the allowance, could not make any allowance and did not make any allowance for services beneficial to the New York Zinc Company that did not result in recovery of property or the bringing of a fund into court for distribution, but these services were performed and Colley had agreed to pay for them. It is clear, therefore, that the measure of their recovery against Colley is not determined by the measure of their recovery Colley was entitled to as against the New York Zinc Company for benefits conferred by the employment of counsel."

We deem it unnecessary to determine whether the cancellation of a lien, a judgment, and other claims by the action in the federal court, in that case, operated as a "recovery of property" within the rule to which such question relates; but the order imports the existence of facts authorizing the court to make the same, especially as against the accepting beneficiaries.

The statement that the federal court "did not make any allowance for services beneficial to the New York Zinc Company that did not result in the recovery of property or the bringing of a fund into court for distribution," and that "the measure of the recovery Colley was entitled to as against the New York Zinc Company for benefits conferred by the employment of counsel" was not determinable by that court, is certainly not warranted by the terms of the order. The further statement that the federal court could not make such allowance does not seem material, if we are correct in construing plaintiffs' petition as demanding only a balance after in effect admitting such allowance according to its terms; but we are unable to agree to this statement. It should

be borne in mind that the New York Zinc Company, against which the order was made and which was a party defendant in that action, is not complaining of the order, and, for aught we know, may have assented to it. The plaintiffs, who upon the trial of the present case and since that time have denied that they are bound by the terms of the order as we have construed the same, asked the federal court in their own right for, and are accepting beneficiaries of, that order, the defendant being the only other beneficiary. The plaintiffs do not appear to have questioned the order, or the power of the federal court to make same, in that court or in that case. The power of the federal court to make the order in question, if the facts warrant, is, we assume, beyond question. None of the parties to or attorneys in the federal court case appear to have there questioned either the power of the court to make the order or its rightfulness in any respect material to this case; and we do not think plaintiffs can be heard to question the same here.

Assuming, in deference to plaintiffs' contention in this respect and merely for the purpose of discussing the same, that it is material to inquire whether the federal court might properly have made the order in question under the facts in that case, so as to be in full of all services beneficial to the New York Zinc Company, we come now to that question. In support of their contention that the federal court could not and did not "make any allowance beneficial to the New York Zinc Company that did not result in recovery of property or the bringing of a fund into court for distribution," the plaintiffs have directed our attention to and we have examined the following cases: *Forrester v. Boston & M. Consol. Copper & Silver Min. Co.,* 29 Mont. 397, 74 Pac. 1088; *Lillard v. Oil, Paint & Drug Co.,* 70 N. J. Eq. 197, 58 Atl. 188; *Davis v. Bay State League.* 158 Mass. 434, 33 N. E. 591; *Attorney General v. North Am. Life Ins. Co.,* 91 N. Y. 57, 43 Am. Rep. 648; *Davis v. Gemmell (Brydon v. Gemmell)* 73 Md. 530, 21 Atl. 712; *Alexander v. Atlanta & W. P. R. Co.,* 108 Ga. 151, 33 S. E. 866. These authorities are cases in which the question was raised in the same case and court in which the order

was made; and, further, we think these authorities apparently show that the order, in allowing compensation *to the full extent of the services beneficial to the New York Zinc Company, was properly and rightfully made.*

In *Forrester v. Boston & M. Consol. Copper & Silver Min. Co., supra,* it is said:

"The authorities are unanimous in holding that the plaintiffs are entitled to recover a reasonable attorneys' fee, and for the purpose of determining the amount of such fee the following rule has been laid down: 'The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered, the labor, time, and trouble involved, the character and importance of the litigation in which the services were rendered, the amount of money or the value of the property to be affected, the professional skill and experience called for, the character and standing in their profession of the attorneys. * * * The result secured by the services of the attorneys may be considered as an important element in determining their value.' 3 Enc. Law, 420; 4 Cyc. 994."

One of the best considered of the above-cited cases, one upon which the plaintiffs especially rely, is that of *Alexander v. Atlanta & W. P. R. Co., supra.* We do not think that case sustains their contention. While it is true that in that case it is stated that after an examination of numerous cases the court had found none in which, in the absence of statute and when no property has been brought under the control of the court and no fund has been brought into court for distribution, such fees have been allowed, we think it nevertheless appears from that case that the reason of this rule lies alone in the following language used by that court:

"The court has nothing within its grasp to dispose of which furnishes it the opportunity and imposes upon it the duty of recognizing and giving effect to substantial equities and existing rights."

It thus appears that the awarding of such fees against the corporation, for the benefit of which a stockholder has sued, is denied because the court has no appropriate means and therefore no duty of enforcing payment of same; and not because the stock-

holder is not otherwise rightfully entitled to be reimbursed or compensated for his expenses, including attorney's fees. We think that case clearly shows that wherever the corporation itself is directly injured, as where corporate property or franchises have been taken or wrongfully dealt with and the action is to undo fraud and breaches of trust already committed and restore to the corporation assets thereby wasted, so that the corporation is primarily interested and the right of action is directly in it, a stockholder, who has properly been permitted in such case to bring an action, which the corporation ought to have brought, for the direct and immediate benefit of the corporation itself, and not of such stockholder, is entitled to reimbursement out of corporate assets for all his proper expenses, including reasonable attorneys' fees in such of his efforts as resulted in benefits to the corporation. In other words, we think that case shows that the right to such allowances as attorneys' fees arises out of the fact that both the suing stockholder and his attorney are regarded as representing the corporation itself in such cases. The fact that their efforts were successful is material and necessary to show that they may properly be so regarded as representing the corporation. The fact that there are funds in hand or property within control of the court is only important as giving the court the opportunity and imposing upon it the duty of recognizing and giving effect to the rights and equities arising out of the expenditures of the stockholder and the services of his attorney in such a case, and is in no sense a basis of the right to reimbursement or compensation or the measure of the value of the same.

The presumption must be in favor of the order as made by the federal court. We are unable to say there was absence of any essential to the right of any beneficiary to this order or the power of the court to make the same.

For the reasons stated, we are of opinion that the petition should be denied, and that there should be adherence to our original opinion.

By the Court: It is so ordered.