SMITH et al. v. LANGSTON.

No. 33891.   April 3, 1951.

Rehearing Denied May 1, 1951.

*230 P. 2d 736.*

Monnet, Hayes & Brown, Oklahoma City, for plaintiffs in error.

E. L. Richardson and W. W. Godlove, Lawton, for defendant in error.

GIBSON, J. The parties will be referred to as they appeared in the trial court.

It is alleged in plaintiff's petition that on November 21, 1946, when plaintiff was walking along a street in the city of Lawton, Oklahoma, toward his home, then something over a block distant, he was overtaken by defendants who were driving a pick-up truck. That defendants invited him to stand on the running board of the truck and thus ride to his home, and that he accepted the invitation. That when he called defendants' attention to the fact they were passing the home, the driver applied his brakes with such force as to cause the car to stop suddenly, causing plaintiff to be thrown therefrom and upon the curb, resulting in the personal injuries alleged. Defendants deny generally the allegations of the petition, and for further answer aver that the injuries, if any, of the plaintiff, were due to or contributed to by plaintiff's own negligence in several respects. Among them are the following:

"In violating the following ordinance of the City of Lawton while riding in the City of Lawton: Ordinance No. 652, Ordinance Book 3, Section 10, Page 452, Riding Outside Vehicle Prohibited, which reads:

"'No person shall ride upon any vehicle or railway except within the body thereof, and provided for transportation of passengers or property.'"

Plaintiff filed no reply.

Upon trial by jury, plaintiff was awarded judgment in the sum of $10,-000, and defendants appeal therefrom.

Error is assigned on the action of the court in refusing an instruction requested by defendant and in the giving of the court's instruction No. 13 over the objections of the defendants. For the purpose of our review we deem it necessary to consider only the court's instruction No. 13, which is as follows:

"Ordinance No. 652, Section 10 thereof, of the City of Lawton provides that 'No person shall ride upon any vehicle or railway except within the body thereof, and provided for transportation of passengers or property.'

"In this connection you are instructed that this ordinance applies to the defendants as well as the plaintiff in this case, and it is a question of fact for you gentlement to determine from all of the evidence in the case as to whether or not a violation of this ordinance was the proximate cause of the injuries complained of, or contributed thereto, and if you should find that the defendants were guilty of negligence in violating this ordinance and the plaintiff was also guilty of negligence in riding on the running board of said pickup car, and that such negligence on the part of the plaintiff combining and concurring with the negligence on the part of the defendants was the proximate cause of the injuries complained of, or contributed thereto, then plaintiff cannot recover and your verdict should be for the defendants."

Defendants contend that there is no warrant for the court's statement to

the jury that the ordinance applies to defendants as well as the plaintiff. Plaintiff does not challenge the correctness of the contention but seeks to avoid the effect thereof by saying the court's instructions as a whole were too favorable.

Unless it be true that the duty imposed by the ordinance applies to defendants as well as to plaintiff, the instruction is clearly erroneous.

The pertinent language of the ordinance is that "no person shall ride". The ban of the statutes is directed to a specific class of persons, that is wouldbe riders. As to each, the injunction is the equivalent of "thou shalt not" and, hence, a restraint upon the will to do. So considered, the ordinance is free from ambiguity and should be given effect according to its terms.

As stated in Wilbur, Secretary, etc., v. United States ex rel., 30 Fed. 2d 871:

" . . . Rules of statutory construction are never used to create, but only to remove, a doubt. Dewey v. United States, 178 U. S. 510, 521, 20 S. Ct. 981, 44 L. Ed. 1170; Russell Motor Car Co. v. United States, 261 U.S. 514, 519, 43 S. Ct. 428, 67 L. Ed. 778."

There is no theory upon which it can be said that a like duty is imposed thereby upon the driver other than in a situation where the rider is coerced by the driver to so ride.

The basis of plaintiff's countercontention which, in effect, is that the error is harmless, is thus stated:

"We say that for more than one reason the judgment of the lower court should be affirmed because:

"1. One cannot complain of an act the doing of which he has invited or caused.

"2. If the ordinance gives the operator of a motor vehicle the right to plead contributory negligence that right was waived by the invitation and defendants were estopped from relying upon it.

"3. One of the exceptions to the rule that where a defendant's negligence causes an injury, the injured party cannot recover if his own negligence contributes to the injury is, where the defendant knows of the perilous condition of his guest he is charged with the duty of exercising due care for the safety of the guest, and if he fails in that duty the contributory negligence of the guest is no defense."

Not one of these alleged bases of liability is within the scope of the pleadings upon which the case was tried nor considered in the instructions of the court. Since the righteousness of the judgment cannot be predicated thereon, there is no basis for the claim that the error in the instruction was not prejudicial. In Colley v. Sapp, 44 Okla. 16, 142 P. 989, we said:

"It must be presumed that the jury followed the instructions of the court, although same are erroneous, whenever their verdict is susceptible of explanation upon any theory other than that they have not done so."

In other respects, the contentions present nothing for review.

The judgment is reversed and cause remanded for a new trial.

ARNOLD, C. J., LUTTRELL, V. C. J., and DAVISON and HALLEY, JJ., concur. WELCH, CORN, JOHNSON, and O'NEAL, JJ., dissent.