TERM "ACT" DEFINED
The term "act" as used in O.S.L. 1965, ch. 190, (codified as subsection (c) of Section 1-1118 of 63 O.S.Supp. 1969) does not extend or apply to subsections (a) and (b) of 63 O.S. 1-1118 [63-1-1118] of 63 O.S.Supp. 1969 so as to exclude taverns and bars from the requirements of said section. The Attorney General has had under consideration your letter wherein, in effect, you ask: Does the term "act" in Section 1, O.S.L. 1965, c. 190, codified as subsection (c) of Section 63 O.S. 1-1118 [63-1-1118] of 63 O.S.Supp. 1969, extend the exclusions referred to in said subsection to said Section 1-1118 in its entirety? Section 63 O.S. 1-1118 [63-1-1118] (1969) provides: "(a) It shall be unlawful for any person to operate or maintain a restaurant, cafe, delicatessen, commissary, catering service, club, tavern, bar, drink fountain, confectionery, grocery store, fruit or vegetable store, bakery, meat market, or any similar place, stationary or otherwise, where food or drink is offered for sale, or sold, to the public, unless he is the holder of a license issued for such purpose by the State Commissioner of Health. Each such license shall expire on the 30th day of June following its issuance, and the Commissioner shall charge and collect for each such license an annual fee not to exceed Five Dollars ($5.00), to be fixed by the State Board of Health. "(b) The State Board of Health shall adopt reasonable standards, rules and regulations for sanitation of places referred to in the preceding paragraph of this section, including the following items: buildings, vehicles, and appurtenances thereto, including plumbing, ventilation and lighting; construction, cleanliness and bactericidal treatment of equipment and utensils; cleanliness, wholesomeness, storage and refrigeration of food and drink sold or served; cleanliness and hygiene of personnel; toilet facilities; disposal of waste; water supply; and other items deemed necessary to safeguard the health, comfort, and safety of customers. Laws 1963, c. 325, art. 11, 1118. "(C) It shall be unlawful and an offense for any person, firm, or corporation to manufacture, sell, offer for sale or exchange, or expose for sale or exchange any product containing less than one-half of one percent (1/2 of 1%) alcohol by volume which seeks to imitate by appearance, taste, and smell an alcoholic beverage which is designed to carry the impression to the purchaser that the beverage has an alcoholic content, including, but not limited to, products bearing the brand names 'Near Beer', 'Brew', or 'Champaign-O', provided that the following shall be excluded from the prohibitions in this act: . . . ." (Emphasis added) You advise the term "act" as used in subsection (c), has been construed to extend its exclusions and apply them to all of Section 1-1118, and, in consequence, to exclude taverns and bars from its requirements. You state that, as its principal author, it was never your intention to have the exclusions of subsection, (c) apply to anything other than the matters referred to therein. You also state that you expressed your intentions in your explanation of the purposes of the Bill in the Senate, and that your interpretation has been administratively adopted by the State Department of Health. Section 3 of O.S.L. 1965, c. 190 directed that Section 1 thereof be codified as subsection (c) of Section 1-1118 of Title 63, but Section 2 relating to "Penalties" was not included in the codification directive. The term "act" in subsection (c) of 63 O.S. 1-1118 [63-1-1118], if construed as suggested would result in a ridiculous and absurd consequence, and conflict with the express intention and purposes of the whole of Section 1-1118. In LaRue v. State, Okl. Cr., 404 P.2d 71 (1965), the Oklahoma Court of Criminal Appeals stated in numbered paragraph 1 of its syllabus: "The fundamental rule of construction of a statute is to ascertain and give effect to the intention of the legislature as expressed in the statute. To ascertain the intention of the legislature in the enactment of the statute, the Court may look to each part of the same, to other statutes upon the same or relative subjects, to the evils and mischiefs to be remedied, and J to the natural or absurd consequences of any particular interpretation." (Emphasis added) In Smith v. Langston,204 Okl. 444, 230 P.2d 736 (1951), the Oklahoma Supreme Court observed, referring to Wilbur, Secretary, etc., v. U.S. ex rel, 30 F.2d 871: " . . . Rules of statutory construction are never used to create, but only to remove, a doubt. Dewey v. U.S. 178 U.S. 510, 521, 20 S.Ct. 981,44 L.ed 1170; Russell Motor Car Co. v. U.S., 261 U.S. 514,519, 43 S.Ct. 428, 67 L.ed 778." In Taylor v. State, Okl. Cr., 377 P.2d 508 (1962), the Oklahoma Court of Criminal Appeals, in paragraph 1 of its syllabus, stated: "The title of an act is a valuable aid in interpreting body of act and determining intent of legislature. " (Emphasis added) In Poafpybitty v. Skelly Oil Co., (Okl.) 394 P.2d 515, the applicable rule was enunciated by the Oklahoma Supreme Court, as follows: "In view of our constitutional provision requiring that the subject of the legislative act shall be clearly expressed in its title, Article V, Section 57, Okl. Const., the Legislature is bound by its selection of the restricted title and such title has the effect of limiting effects of an act. The title itself will be construed with reference to the language employed in it alone and not in the light of what the body of the act contains." The Title of O.S.L. 1965, c. 190 reads, as follows: "An Act relating to public health and safety; amending the Oklahoma Public Health Code by adding a new subsection making it unlawful for any person to manufacture, sell, or offer for sale or exchange any product which seeks to imitate an alcoholic beverage by looks, taste, and smell; excluding certain products; listing the penalty; directing codification of this act; repealing conflicting laws, and declaring an emergency." (Emphasis added) In Board of Trustees of Fireman's R. P. Fund v. Templeton, 194 Okl. 281, 86 P.2d 1000, our Supreme Court stated: "Generally, the word 'act', as used in a legislative enactment, refers to the entire statute enacted. Steck v. Prentice (Colo.) 95 P. 552; Norris v. Cross, 25 Okla. 287, 105 P. 1000; Chesapeake O. Ry. Co. v. Pack, 6 W. Va. 397, 403; Satcher v. Satcher's Adm'r.,41 Ala. 26, 44; but courts have in some instances found justification in construing the word to mean 'section,' notably the Satcher Case, supra." To the same effect, see Norris, et al. v. Cross, Secretary of State, 25 Okl. 287,105 P. 1000. In view of the foregoing, it is the opinion of the Attorney General that your question must be answered in the negative in that the provisions of O.S.L. 1965, c. 190, codified as subsection (c) of Section 1-1118 of 63 O.S.Supp. 1969, do not extend or apply to all of Section 1-1118, or exclude from its prohibitions the matters covered by its subsections (a) and (b), but is a separate statute, enacted at a different session of the Legislature, and clearly limited by its title as to its scope, applicability and purpose. (Carl G. Engling)