## HAWKINS *v.* HAWKINS.

1. An allegation that a ceremonial marriage between the parties was invalid because the defendant, without plaintiff's knowledge at the time, had been previously married and had not been relieved therefrom, but that afterward his disabilities were removed and they continued to live as husband and wife openly and notoriously, and thus ratified a common-law marriage, was not demurrable for inconsistency.

Divorce, 19 C. J. p. 107, n. 95; p. 337, n. 6.
Husband and Wife, 30 C. J. p. 1086, n. 14.
Marriage, 38 C. J. p. 1320, n. 49.

2. If the parties cohabited as husband and wife from the time of the ceremonial marriage, and so continued after the husband's disabilities were removed, they will be considered as lawfully married.

3. An allegation that the plaintiff by her labor had earned money which partly paid the price of property held by the defendant, and a prayer for a decree awarding her half of that property, was subject to demurrer.

4. The petition for divorce, alimony and fees, injunction against selling or incumbering the property, and receivership of rents, was not demurrable generally.

No. 6321. MARCH 14, 1928.

Divorce, etc. Before Judge Howard. Fulton superior court. October 21, 1927.

*John P. Haunson,* for plaintiff.

*C. O. Webb* and *J. B. McCallum,* for defendant.

GILBERT, J. The petition of Missie Hawkins against Luther M. Hawkins alleged that she and defendant "went through a pretended marriage" on December 26, 1918, and lived together openly and notoriously as man and wife until July 11, 1927; that at the time of said marriage petitioner did not know defendant had been previously married, but in fact he had been twice before married and divorced, his disabilities growing out of his second marriage not having been removed until October 23, 1923, since which time she had lived with him as man and wife, as above stated, until July 11, 1927, not knowing of said disabilities; that since her purported marriage to defendant he had celebrated two other marriages, one on April 19, 1924, and another on July 18, 1927, shortly after he left petitioner; that even if her marriage to defendant were irregular, she had lived with him openly and had been held out as his wife for nearly four years since removal of his disabilities, and that, she being his lawful common-law wife, his subsequent purported marriages were void; that petitioner and defendant bought property upon which they lived two years, and her earnings went into the purchase thereof; that defendant was earning a salary of $150 a month, whereas petitioner was working at wages of $5 a week; and that defendant collected $36 a month rent on the property above mentioned. She prayed for temporary and permanent alimony, attorney's fees, decree for half said property, receiver to collect and hold the rents thereof, and injunction to restrain the selling or incumbering of the property by defendant. The defendant demurred generally, setting up that the petition showed that petitioner celebrated a pretended marriage with de-

fendant at a time when he was unable to contract a marriage because of disabilities resulting from a former marriage; and filed special grounds of demurrer. The court sustained the general demurrer and dismissed the petition, and the petitioner excepted.

1. The petition is not subject to the demurrer based on the ground that the petitioner was "endeavoring to set up a ceremonial marriage, and by alleging contradictory facts to set up a common-law marriage at the same time, which is inconsistent and not permissible under the law." The petition, properly construed, alleges that the ceremonial marriage was invalid because the defendant had been previously married and had not been relieved of his disabilities, but that subsequently to petitioner's marriage to defendant such disabilities were removed and they had thereafter lived as man and wife openly and notoriously, thus by ratification consummating a common-law marriage.

2. If a man under disabilities from a former marriage enters into a ceremonial marriage with another woman who does not know of such former marriage, and they cohabit as husband and wife from the time of their purported marriage, continuing so to do after such disabilities were removed, they will be considered lawfully married. Civil Code (1910), § 2935, as construed by *Smith* v. *Smith*, 84 *Ga.* 440 (11 S. E. 496, 8 L. R. A. 362); *Smith* v. *Reed*, 145 *Ga.* 724 (89 S. E. 815, L. R. A. 1917A, 492); *Hamilton* v. *Bell*, 161 *Ga.* 739 (3) (132 S. E. 83); *Heflinger* v. *Heflinger*, 161 *Ga.* 867 (132 S. E. 85).

3. The petition alleged that the plaintiff by her labor had earned money which paid in part the purchase-price of property held by the defendant, and·prayed for a decree awarding to her one half of the property so purchased. The ruling on this question is controlled, adversely to the plaintiff, by the case of *Schmitt* v. *Schneider*, 109 *Ga.* 628 (35 S. E. 145). That decision states what is the proper remedy in such state of facts. Fung Dai Kim Ah Leong *v.* Lou Ah Leong, 29 Hawaii, 770. For an excellent discussion and analysis of cases, see 76 Univ. Penn. Law Review, 439.

4. Applying the foregoing rulings, the court erred in sustaining the general demurrer and in dismissing the petition as a whole.

*Judgment reversed. All the Justices concur.*