## BROWN v. BROWN.

ATKINSON, J.  A decree of divorce rendered in the State of Alabama provided that the woman could not marry within a limit of sixty days. One day before the expiration of such limit, the woman contracted marriage in the State of Georgia. She and the man lived together as husband and wife for fourteen years, at which time the woman sued her second husband for divorce. Permanent alimony was awarded, and a divorce granted. Subsequently the man instituted an action seeking to have the marriage entered into with him decreed to be void ab initio; that the divorce proceedings and verdicts and decree therein be decreed nullities and be set aside; also for injunction against proceeding against petitioner and his property under the decree for alimony. He alleged incompetency of the woman to contract marriage prior to the time limit fixed in the decree granting her a divorce from her first husband, and petitioner's ignorance of such fact until recently after rendition of the decree which he sought to have set aside. The judge dismissed the petition on general demurrer, and the plaintiff excepted. *Held:*

1. If in a decree of divorce a limit of sixty days is provided in which the woman shall not be allowed to marry, but nevertheless one day before expiration of the time the woman marries another man and they continue thereafter to live together fourteen years as husband and wife, such marriage will not thereafter be held void on the ground of the woman's incompetency to marry, by reason of the fact that the marriage occurred prior to expiration of the time specified in the decree for divorce. *Hamilton* v. *Bell,* 161 *Ga.* 739 (3) (132 S. E. 83), and cit.; *Hawkins* v. *Hawkins,* 166 *Ga.* 153 (2) (142 S. E. 684).

2. Even if a contract of marriage could be set aside on the ground of fraud in an action other than for divorce, the judge did not err in dismissing the case on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 10043. SEPTEMBER 17, 1934.

*Fred A. Tuten,* for plaintiff.   *H. Mercer Jordan,* for defendant.