27088, 27112. SIMS *et al. v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED NOVEMBER 3, 1938. ADHERED TO ON REHEARING, DECEMBER 10, 1938.

*Ulmer & Dowell, Fred B. Davis,* for plaintiffs.
*Neely, Marshall & Greene,* for defendants.

FELTON, J. The Department of Industrial Relations denied compensation to Bertha Sims, the first wife of the deceased employee, and awarded it to Marie Russel Sims, his alleged second wife and her illegitimate daughter, on the theory that they were dependent upon the employee at the time of his death. The judge

of the superior court set aside the award as to the second wife and her daughter, and affirmed it as to the first wife.

The court erred in affirming the order denying compensation to the first wife, but did not err in setting aside the award to the alleged second wife and her daughter. It was conceded that the deceased employee married Bertha Sims, and that they are undivorced. Under the law she is conclusively presumed to be entitled to compensation as a dependent of the deceased unless she had voluntarily abandoned or deserted him at the time of the accident. Code, § 114-414(a). While the evidence in this case shows that Bertha Sims moved north and married again after her separation from the deceased, there is no evidence that she deserted or abandoned him. The evidence shows that the separation was caused by the deceased's desertion of Bertha Sims through no fault of hers, and there is no evidence that he ever offered to have her return to him. This case is distinguishable from *Harden* v. *United States Casualty Co.*, 49 *Ga. App.* 340 (175 S. E. 404) as there was such evidence in that case. The fact that Bertha Sims had her husband put on the "carpet" in their church, and stated that she did not want him any more for a husband, is consistent with his voluntary and uncondoned desertion. The evidence was that he moved out of the home and announced his intention of discontinuing the marital relationship. Under the circumstances Bertha Sims was continuously abandoned, and it was not possible for her to abandon her husband after she had already been abandoned by him. Any refusal on her part to go back to him would have been an abandonment, but no such refusal was proved. Compensation should have been awarded to her under the law.

The judgment denying compensation to Bertha Sims is *reversed*. The judgment denying compensation to Marie Russell Sims and her daughter is *affirmed*.

*Stephens, P. J., and Sutton, J., concur.*

ON REHEARING.

FELTON, J. All the contentions of movant are decided adversely to it in the case of *Atlantic Bilulilhic Co.* v. *Maxwell*, 40 *Ga. App.* 483 (150 S. E. 110). In that case the evidence showed that the deceased employee deserted his legal wife, after which she entered into a bigamous marriage. Despite the fact that she was living with a man who was not in law her husband "at the time of the

accident" this court held that compensation was properly awarded her.

The ruling in the case of *O'Neal* v. *American Mutual Liability Insurance Co.*, 41 *Ga. App.* 223 (152 S. E. 488) is not contrary to what is herein held. There was evidence in that case to support the finding of the industrial commission to the effect that the wife refused to live with the deceased employee.

*Judgment adhered to on rehearing. Stephens, P. J. and Sutton, J., concur.*