### 30757. WILLIAMS *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED FEBRUARY 8, 1945. REHEARING DENIED MARCH 21, 1945.

*Hammond, Kennedy & Yow,* for plaintiff.
*Bussey, Fulcher & Hardin,* for defendants.

FELTON, J. Mae Bell Williams excepts to the judgment of Richmond superior court affirming the award of the State Board of Workmen's Compensation denying compensation for the alleged accidental death of her husband, Willie Williams, who was accidentally killed in a fire on the premises of the employer, Merchants Bakery, at Augusta, Georgia.

The undisputed facts with reference to the question whether the accident arose out of and in the course of employment are substantially as follows. The employee's hours of work were from six

o'clock a.m. until the expiration of eight hours, unless there was unfinished work, six days per week, with time and a half pay for overtime. On the day of the death of the employee he reported for duty about three o'clock in the morning for the purpose of ascertaining whether there was any work for him to do, a practice encouraged by the employer. Upon learning that there would be no work for him until time for his shift to go on at six o'clock a.m., he went toward the men's dressing room. There was a rule of the company requiring employees to be at the plant thirty minutes before worktime in order that the employer could know it had a crew. Between five-thirty and six o'clock a fire broke out in the plant of the employer following an explosion and the employee was trapped on the second floor and burned to death. He was in the act of dressing and was interrupted in his dressing for some reason. One ground on which compensation was denied was that the death occurred before the employee actually had begun work. We think the board and the superior court erred in so holding. The employer's rule was that the employee should report to the premises thirty minutes before he began work. During this period he was accidentally killed on the premises by a hazard occasioned by his employment. It would be unconscionable to deny compensation on the ground stated. "Preparation by the employee at the place of employment, to begin work for which he is employed, is a part of the duties of the employment." *Maryland Casualty Co.* v. *Sanders,* 49 *Ga. App.* 600 (2) (176 S. E. 104), reversed by the Supreme Court on certiorari, but on another ground (182 *Ga.* 594,. 186 S. E. 693). *Employers Liability Assurance Corp.* v. *Henderson,* 37 *Ga. App.* 238 (139 S. E. 688); *Holliday* v. *Merchants &c. Transportation Co.,* 32 *Ga. App.* 567 (124 S. E. 89); Rayner *v.* Slight Furniture Co., 180 Mich. 168 (146 N. W. 665, L. R. A. 1916A, 22, Ann. Cas. 1916A, 386); Terlecki *v.* Strauss, 85 N. J. L. 454 (89 Atl. 1023); Western Coal & Mining Co. *v.* Industrial Commission, 296 Ill. 408 (129 N. E. 779). The facts bring this case within the above-stated principle. This case is distinguishable from the following cases, in that the employer had a rule that the employee should report a half hour before work time: *Austin* v. *General Accident &c. Assurance Corp.,* 56 *Ga. App.* 481 (193 S. E. 86); *Ocean Accident & Guarantee Corp.* v. *Farr,* 180 *Ga.* 266 (178 S. E. 728); *Employers Liability Assurance Corp.* v. *Woodward,* 53

*Ga. App.* 778 (187 S. E. 142); *Jackson* v. *Lumbermen's Mutual Casualty Co.,* 33 *Ga. App.* 35 (125 S. E. 515); and *Ætna Casualty &c. Co.* v. *Honea,* 71 *Ga. App.* 569 (31 S. E. 2d, 421).

■ The director in his award stated: "With reference to the rights of the widow claimant in this case to compensation, the evidence is uncontradicted that she did not live with the deceased for a period of three years prior to his death, and there is evidence to sustain her contention that she did not voluntarily abandon him, that she was driven away on account of his conduct. However, the evidence is also conclusive and positive that for at least a year prior to the death of her husband she had been living with one Albert Brown as his wife, that she had never obtained a divorce from her husband, the deceased in this case. Based on this set of facts, this claimant would also be denied compensation were the case otherwise compensable for the reason that although she may not have voluntarily deserted her husband at the time she left him, her conduct afterwards has been such since the separation based on her illegal cohabitation with the said Albert Brown that it can now be held that the separation does amount to voluntary desertion. In other words, the conduct of the widow claimant is such now that although she may have been without fault when she was first driven from the home of her husband, yet her conduct has been such that she placed herself in the position of having been unable to return to him free from fault." This finding is based on the erroneous theory that although the widow was without fault when she was first driven from the home of her husband, her living in adultery thereafter would require the finding that she abandoned him at the time of the accident. Where an award is based on an erroneous theory it is reversible. *Bibb Manufacturing Co.* v. *Alford,* 51 *Ga. App.* 237 (179 S. E. 912); *Employers Liability Assurance Corp.* v. *Woodward,* supra; *Wilson* v. *Swift & Co.,* 68 *Ga. App.* 701 (23 S. E. 2d, 261). This case and those just cited are distinguishable from *American Mutual Liability Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d, 295), in which the award was not based on any particular finding or findings, but was made generally after numerous findings of fact. In such a case there is no presumption that an alleged illegal finding influenced the award. if the legal findings support it. The writer of this opinion wishes to confess and assume full responsibility for an erroneous interpretation of

the facts in the case of *Atlantic Bitulithic Co.* v. *Maxwell*, 40 *Ga. App.* 483 (150 S. E. 110), the erroneous statement appearing in the supplemental statement in *Sims* v. *American Mutual Liability Ins. Co.*, 59 *Ga. App.* 170 (200 S. E. 164). We are of the opinion that under our law as written the ruling in the *Sims* case, in which certiorari was denied, is correct and is similar to rulings in States having a similar law. The Code, § 114-414, states that the following persons shall be conclusively presumed to be the next of kin wholly dependent for support on the deceased employee: "A wife upon a husband whom she had not voluntarily deserted or abandoned at time of the accident." In those states which have included the conclusive-presumption clause in their workmen's compensation acts, in cases where the claimant has been abandoned by her husband through no fault of her own and later she is guilty of adultery or bigamous marriage, this conduct will not bar a recovery of compensation. See Layman-Calloway Co. v. Martin, 209 Ky. 690 (273 S. W. 496); Van Wyk v. Realty Traders, 215 App. Div. 254 (213 N. Y. Supp. 28). Those states holding to the contrary have included in their statutes a provision that actual dependency is a condition to the right of a surviving wife to death benefits. We think that the principle in this kind of case is analogous to the law of descent and distribution, and we know of no law which bars the right of a wife to inherit from her husband by reason of her adultery or bigamous marriage. The court erred in affirming the award of the board denying compensation.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*