## 31117. TRAVELERS INSURANCE COMPANY *et al.* *v.* LESTER.

DECIDED FEBRUARY 15, 1946.

*Neely, Marshall & Greene,* for plaintiff.
*Ralph M. Holleman,* for defendant.

GARDNER, J. ■ This is a workmen's compensation case wherein error is assigned upon the judgment of the superior court affirming the award of the director. Counsel for the plaintiff in error argue two propositions: first, that the evidence before the director demands a reversal, because the claimant to whom the compensation was awarded failed to negative the fact that the marriage between the deceased and Lucile Smith Lester, the successful claimant, had not been dissolved by divorce; and second, that the bigamous marriage of Lucile on October 20, 1942, as a matter of law established the fact that the successful claimant had

abandoned the deceased at the time of the accident on June 12, 1944. We will discuss these questions in their order.

(a) A marriage, under our statute, can be dissolved only by death of one of the parties, divorce, or annulment. Unless such marriage has been dissolved, a subsequent ceremony of marriage by either one or both of the parties is a nullity, and no separate proceeding is necessary to establish the fact that it is void. *Atlantic Bitulithic Co.* v. *Maxwell,* 40 *Ga. App.* 483 (150 S. E. 110).

(b) Where there is a ceremony of marriage before the dissolution of the true marriage, the law establishes a rebuttable presumption that the true marriage has been dissolved, and the burden is upon the one who attacks the validity of the second ceremony of marriage to produce "clear, distinct, and positive proof" that the true marriage had not been dissolved. The presumption of the validity of the marriage ceremony in the latter instance must be negatived by disproving every reasonable possibility to the effect that the true marriage had not been dissolved. This is a question of fact. *State Highway Board* v. *Lewis,* 46 *Ga. App.* 162 (167 S. E. 219). It will be noted in that case that the deceased employee, approximately eleven years before his marriage to the claimant, had married another with whom he lived only a short time. At the time of the employee's death and for the eleven years preceding, he had lived with the claimant. The only evidence that the first marriage had not been dissolved was testimony of the employee's mother to the effect that the deceased "never got a divorce so far as she knew." Clearly this was insufficient to rebut the presumption in favor of the second marriage. In this connection, our attention has been called to the case of *Nash* v. *Nash,* 198 *Ga.* 527 (32 S. E. 2d, 379). That case deals at considerable length with the burden resting upon one who attacks a second ceremony of marriage to show that the first marriage had been dissolved. After discussing the legal question, the court concluded: It was shown that she never obtained a divorce from her former husband and had never been served with any divorce papers. If it be assumed that this negatived the possibility of his having obtained a divorce from her, in the foreign State of his residence, a divorce which had the effect of removing her marital disabilities also, *the evidence did not exclude the possibility of his having died before the date of her second marriage.*

(Italics ours.) It will thus be observed that the facts in that case are of little assistance to us in determining whether the successful claimant, Lucile Smith Lester, in the instant case sufficiently carried the burden of showing that she had never been divorced from the deceased. The evidence is without dispute that the first and true marriage was not dissolved by the death of either party.

(c) We discuss next whether the evidence is sufficient to support the award. The director was authorized to find as a matter of fact that it was admitted that the deceased, Henry Smith, had been accidently killed in the course of his employment. There were two claimants, Irene Smith, whom the director designated as wife number 1, and Lucile Smith Lester, designated as wife number 2. It was undisputed that the deceased married Lucile on November 27, 1928, and that at the time of this marriage she had four children by a former husband, who had died. They lived together until the latter part of 1934, at which time the deceased took several hundred dollars of her money and her automobile and deserted her. She filed a suit for alimony and divorce in Muscogee County superior court. They went back together. The suit was dismissed. About the latter part of 1939 or the first part of 1940, the deceased again deserted or abandoned her. The director was authorized to further find that, from the time of the marriage of the deceased and Lucile, they resided in Muscogee County, Georgia; the deceased having been employed by International Mineral and Chemical Corporation of Muscogee County, Georgia, for seven years before his death. The evidence further discloses that, after the abandonment of Lucile by the deceased about the year 1940 (without fault on her part), he continued to visit her, have intercourse with her, and contribute to her support, although the deceased on May 3, 1942, had entered into a ceremony of marriage with Irene Smith in Russell County, Alabama. After this bigamous marriage to Irene, she and the deceased lived in Muscogee County, Georgia, until his death. On October 20, 1942, Lucile entered into a bigamous marriage with James Lester, and took him into her house in Muscogee County, where she and the deceased (Henry Smith) had previously resided. In the early part of 1943 while the deceased was on a visit to the home of Lucile, he informed Lester that she was the wife of the deceased,.

and that, the deceased, had never divorced her, whereupon Lester left her. Thereafter the deceased would visit and take money to her, have sexual relations with her as his wife, and in this manner the deceased cohabited with her as his wife until the time of the accidental death; and, so far as the record reveals, she never thereafter lived in a state of adultery with Lester or any other man before the accidental death of the deceased. So far as the record shows, Henry Smith, Lucile Lester Smith, and Irene Smith all resided in Muscogee County, Georgia, throughout the period covered by the record; and no divorce proceeding was instituted in Muscogee County to dissolve the marriage between Henry Smith, the deceased, and Lucile Lester Smith. There is no intimation that the deceased ever resided in any other county or in any other State from the date of his marriage to Lucile in 1928 until his death. It is true that, under the record, the deceased entered into a bigamous marriage contract with Irene Smith in Russell County, Alabama; but the record also reveals that he immediately took up his abode with Irene in her house in Muscogee County, Georgia. Under such state of facts the director was authorized to find as a fact and conclude as a matter of law that, up to the time of the death of the deceased, Lucile was the lawful wife of the deceased, and that she had not voluntarily deserted or abandoned him at the time of the accident.

■ The plaintiff in error contends that the case should be reversed because, even though the deceased had deserted Lucile, the successful claimant, she was not entitled to the compensation for his accidental death. This contention is based on the fact that on October 20, 1943, prior to the accidental death, she had entered into a bigamous marriage with James Lester; and that as a matter of law this precluded her from compensation under the provisions of the Code, § 114-414(a), which names among persons conclusively presumed to be dependents: "A wife upon a husband whom she had not voluntarily deserted or abandoned at time of the accident." It is further contended by learned counsel for the plaintiff that there is an irreconcilable conflict between the decision of this court in *Harden* v. *United States Casualty Company*, 49 *Ga. App.* 340 (175 S. E. 404), on the one hand, and its decisions in *Sims* v. *American Mutual Liability Ins. Co.*, 59 *Ga. App.* 170 (200 S. E. 164), and *Williams* v. *American*

*Mutual Liability Ins. Co., 72 Ga. App.* 205 (33 S. E. 2d, 451), on the other hand. In view of this contention, it is requested that, if this court should decide the first question adversely to the plaintiff in error and should further agree that there is a conflict as pointed out, we certify to the Supreme Court "whether the bigamous marriage of a woman, after she has been deserted by her husband, would support a finding by the board that the wife by entering into such bigamous marriage abandoned and deserted her husband within the meaning of the compensation law." We have studied the evidence in the *Harden, Sims,* and *Williams* cases, supra, in comparison with the proof in the instant case, and we have reached the conclusion that the present facts are so dissimilar to those in the three cases immediately above mentioned, and in each one of them, that we would not be authorized to certify the question, as requested. For if we understand the provision correctly, we are not authorized to certify a question unless it is necessary to a decision of the case at hand. To decide the instant case under its particular facts, we do not think it necessary to ask the Supreme Court for direction. It will be observed from the proof, which we have hereinbefore set forth, that, while Lucile did enter into a bigamous marriage with James Lester, and lived with him in such illegal state for a few months, she thereafter, at the **instance** of the deceased, ceased her illicit relations under the bigamous marriage with Lester, returned to the support of and conjugal relations with the deceased, and cohabited with him from that time until his accidental death, and that she did not thereafter violate the marital vows. It would not alter the situation of dependency that forsooth the deceased continued his illicit relations under a bigamous marriage with Irene. Therefore we find no occasion to consider further the question whether there is a conflict under the decisions, as contended by the plaintiff.

The court did not err in affirming the award for any of the reasons assigned.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*