43921.    O'STEEN et al. v. FLORIDA INSURANCE
EXCHANGE et al.

BELL, Presiding Judge. The appellants in this workmen's compensation case are the woman whose ceremonial marriage to the employee was void because her previous marriage had not been legally terminated and her two children by the previous marriage. These appellants contend they are entitled to share in death benefits along with natural children of the deceased employee. *Held:*

*Code* § 114-414, which declares that dependents listed therein are conclusively presumed to be wholly dependent on the deceased employee, is intended to set a schedule of priorities among claimants who are otherwise eligible for benefits. *Zachery v. Royal Indem. Co.,* 80 Ga. App. 659-661 (56 SE2d 812). Those persons specifically designated in *Code* § 114-414 are primary dependents, as they have priority in the payment of death benefits under the clear terms of that Code section, to the exclusion of all other, or secondary, dependents. Secondary dependents, who are included in the general provisions of *Code* §§ 114-413 and 114-414 are entitled to benefits only if there is no eligible primary beneficiary or the primary beneficiary has waived his right to compensation. *Zachery v. Royal Indem. Co.,* supra. The superior court did not err in affirming the award of the board granting compensation to the natural children of the deceased employee, primary dependents under *Code* § 114-414, and denying compensation to appellants.

*Judgment affirmed. Hall and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1968—DECIDED OCTOBER 28, 1968.

*Arnold, Cate & England, William H. Cate,* for appellants.
*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White, Hamilton Lokey, Gerald F. Handley,* for appellees.