46066.   GIBBONS v. ATLANTIC STEEL COMPANY et al.

HALL, Presiding Judge. Widow-claimant appeals from the judgment of the superior court affirming an award of the State Board of Workmen's Compensation to another "widow."

For the sake of clarity, we shall call the two widows by their first names. Frances married the deceased employee in 1937. They lived together in Atlanta for two years and then he left her. He never attempted to return and she never attempted to find or rejoin him. Four or five years later she moved to Macon. From the time of their separation, she was never actually dependent upon him. In 1941, and unfortunately without benefit of divorce, he entered into a ceremonial marriage with Jessie. They had children and lived together until his death in November of 1966. In December, the board approved an agreement between Jessie and his employer under which the medical and funeral bills were paid and she received weekly compensation benefits until May of 1967. At this time Frances filed her claim and request for hearing.

Jessie was not made a party to this claim, so after hearing, the deputy director found that while Jessie's rights under the agreement were unaffected, Frances had established herself as the legal widow and was entitled to compensation. Faced with two awards, the employer promptly discontinued payments and appealed to the full board. It set aside the award to Frances (because Jessie was not a party) and remanded the matter to the deputy director to determine whether the agreement should be set aside. Another hearing was duly held in February 1968. No one present had any clear idea of what was supposed to be accomplished and the only new evidence taken was Jessie's marriage certificate. The matter went back to the full board. In August 1969, a majority found that since the evidence indicated the separation was agreeable to both parties, Frances had voluntarily abandoned her husband and was therefore not a presumptive dependent entitled to compensation. It further found that it had no authority to set aside the agreement between Jessie and the employer and ordered the employer to resume payments. The chairman dissented to both findings.

Frances appealed to the superior court and then to this court.

Unlike most states which use an actual dependency text, the Georgia Act conclusively presumes the dependency of the legal wife unless she has voluntarily abandoned or deserted her husband. *Code* § 114-414; *Williams v. American Mut. Liab. Ins. Co.*, 72 Ga. App. 205 (33 SE2d 451). A legal wife who files a claim within one year of her husband's death has priority in the payment of death benefits to the exclusion of all other, or secondary dependents. *O'Steen v. Florida Ins. Exchange*, 118 Ga. App. 562 (164 SE2d 334). The board labored mightily to find an "abandonment" by Frances but the meaning of the word cannot be stretched that far. The board's conclusion (that she was perfectly happy to see her husband go) may be quite correct, but it does not turn her passivity into an active abandonment. A woman is not required by law to dog the heels of a fleeing spouse upon peril of being held the deserter herself. For a more extreme example of no abandonment see *Gibbons v. Maryland Cas. Co.*, 114 Ga. App. 788 (152 SE2d 815), certiorari denied 114 Ga. App. 885.

The only appeal and enumeration of error on the board's refusal to set aside the award to Jessie is by Frances. Since we have now held she is entitled to an award, the issue of the prior award is moot as to her.

The result in this case manifestly violates the spirit and purpose of the Act which is "to alleviate human suffering and to contribute to human need when accidental injury is suffered. . ." *Lumbermen's Mut. Cas. Co. v. Griggs*, 190 Ga. 277, 288 (9 SE2d 84). Instead Frances will get a windfall because her husband fortuitously neglected to get a divorce 32 years ago.

*That part of the judgment affirming the board's denial of the claim of Frances Gibbons is hereby reversed. Eberhardt, J., concurs. Whitman, J., concurs specially.*

ARGUED MARCH 8, 1971—DECIDED JUNE 8, 1971—
REHEARING DENIED JUNE 29, 1971.

*Burdine & Freeman, Essley B. Burdine*, for appellant.

*Jones, Bird & Howell, Peyton S. Hawes, Jr., Ruth H. Gershon,*

*Telford, Stewart & Stephens, J. Douglas Stewart, Shulman, Alembik & Rosenbluth,* for appellees.

EBERHARDT, Judge, concurring. I concur in the opinion and judgment, and call attention to the case of *Insurance Co. of N. A. v. Jewel,* 118 Ga. App. 599 (164 SE2d 846), since I think it has bearing on the issues in this case.

WHITMAN, Judge, concurring specially. While I do not agree with all of the language set forth in the original opinion, I concur in the judgment reversing that part of the judgment affirming the board's denial of the claim of Frances Gibbons.

While the opinion of the full board of date November 21, 1967, stated that the board was of the opinion that the previous hearing before and the award of the deputy director was of no effect, that order of the full board was set aside by its order of date November 28, 1967, and the case remanded to the deputy director merely for the purpose of taking additional evidence and, therefore, the evidence before the deputy director on the original hearing before the deputy director remained in force and effect when the case again came before the full board, resulting in a majority judgment denying the claim of Frances Gibbons and directing continuance of payments to Jessie Bell Gibbons. However, by reference to the testimony of Frances Gibbons on the original hearing, still a part of the record, which is undisputed, it will be noted that John R. Gibbons, the deceased, voluntarily deserted her without cause and did not thereafter contribute to her support, and that she did not abandon him.