Yvonne Ball BECKNELL, Petitioner,

v.

STATE INDUSTRIAL COURT and Sun Oil Company & Globe Indemnity Company, Respondents.

No. 46077.

Supreme Court of Oklahoma.

July 24, 1973.

Paul E. Garrison, Tulsa, for petitioner.

Rhodes, Hieronymus, Holloway & Wilson by E. D. Hieronymus, Tulsa, for respondents.

HODGES, Justice.

This proceeding seeks review of an order, modified and affirmed on en banc appeal, determining dependency and awarding death benefits to a surviving widow and dependents of William Becknell, Jr., who died January 27, 1972, during hazardous employment as a truck driver, for respondent employer.

Yvonne Ball Becknell filed Form 3A claiming benefits as surviving widow and mother of deceased's six dependent children. Contemporaneously Form 3A was filed by Velma Cade, as mother and next friend of two dependent children. Thereafter Form 3A was filed by Helen Williams, claiming to be deceased's common law wife and heir at law. Subsequently Form 3A was filed by an attorney claiming dependency of three children of Fanny Murphy, assertedly deceased's common law wife.

Respondent answered admitting accidental death occurred in the course of employment, but denied deceased left surviving spouse or other dependents. After hearing and consideration of counsels' briefs, the trial judge entered an order finding deceased left surviving as dependent heirs two children of marriage to Velma Becknell, now Cade, which terminated in divorce February 7, 1955; and the widow Yvonne and six dependent children of that common law relationship. The total award was apportioned by awarding claimant widow $5,000.00, and the sum of $2,500.00 to each named dependent. This order also awarded $500.00 attorney fees for children of the divorced wife (Velma Cade) and a total of $1,500.00 to attorneys representing Yvonne and her dependents.

Claimant's attorneys moved to vacate this order as contrary to law for failure to award claimant the amount allowable to a widow under 85 O.S. § 22 as amended in 1971, and, because the amount awarded as attorney's fees was grossly inadequate, contrary to State Industrial Court Rules, without hearing or factual basis from evidence before the court, and without consideration of these attorneys' request for allowance of 20% based upon written contract with claimant. On appeal en banc the State Industrial Court modified the order by increasing to $750.00 the fee for representation of two Cade dependents, and allowance of additional $1,000.00 to attorneys appearing for claimant and her six dependents.

The petition for review in this court presents these two issues. A statement was filed by respondents pointing out no appeal had been perfected from the order, and disclaiming interest in the cause, or in conflicts between various petitioners and attorneys as to allocation of the award. Pursuant to order of this court directing briefing, counsel for the Cade dependents also filed brief attacking propriety of the order fixing dependency benefits, and requesting allowance of 25% attorneys fees.

The principal contention asserts error resulting from trial court apportionment of the maximum death benefits award. Claimant insists provisions of 85 O.S.1971 § 22 reflect legislative intention a surviving spouse must be awarded a fixed sum of $14,000.00, with remainder apportioned equally among dependent children.

Two dependents, children of deceased's first marriage, contend the statute only intended to provide mathematical formula for apportionment of the entire award among dependents. They claim the statute specifically omits vesting authority in the court to vary the ratio to be awarded, and argue plain legislative intention was for an award to be apportioned equally between dependents. On this basis these dependents conclude each dependent should have been awarded one-ninth of the total award, and a greater allowance to the claimant constituted an abuse of discretion.

On the other hand claimant contends subdivision 7(1) of the statute required $14,000.00 be awarded the surviving spouse, and that the State Industrial Court may neither reduce the base award for the surviving spouse, nor apportion any part of that amount to dependent children.

■ This variety of argument points up existing conflict in application of death benefit provisions, and discloses necessity for interpretation of questioned provisions to settle existing uncertainty and avoid future problems. Prefatory to discussion of this statute, and ascertainment of legislative intent behind enactment in present form, it is appropriate to consider briefly the history of this act in the years prior to amendment of our death benefits act. To the same extent judicial notice is taken of statutes, courts also may take judicial notice of legislature proceedings recorded in legislative journals. State, etc. v. Freeman (Okl.), 440 P.2d 774. Matters referred to hereafter are formally reflected by legislative journals, and disclose acts and proceedings which may be judicially noticed.

Death benefit provisions of our compensation act come into being by constitutional amendment (Art. XXIII, Sec. 7) adopted by the electorate in 1950. This amendment was vitalized by enactment of H.B. 312, S. L.1951, c. 2, p. 267, expressing amendatory changes to bring settlement of death benefits provisions within purview of Workmen's Compensation Act. Constitutionality of the act was upheld in Capitol Steel and Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134.

In Fuller this court construed and applied the amendment, as related to distribution of death benefits, holding: (1) for death occurring subsequent to enactment, recovery of benefits was by award under Workmen's Compensation Act; (2) those entitled to distribution of death benefits were required to be heirs at law and dependents of deceased; (3) distribution of death benefits was conditioned upon dependency and pecuniary loss suffered by the survivors. Extent of loss must be determined by State Industrial Court, which occupies the same position as a jury in wrongful death actions. The court must apportion an award to those beneficially entitled thereto, but the only criterion for apportionment is consideration of loss shown to have been suffered by each. Thus, in Fuller, entire amount of the award was payable to the surviving spouse, since only she sustained pecuniary loss. Undoubtedly the State Industrial Court followed reasoning expressed in Fuller, supra, when determining the question of pecuniary loss sustained by each dependent heir of deceased.

The statute remained the same as to force, effect and benefits payable ($13,500.00) until amendment in 1965 (S.L. 1965, c. 131 § 1). Section 22 then was amended to provide payment of $700.00 to a deceased's estate where there was no surviving dependent entitled to benefits. The Act continued in this form until 1970, when § 22 was amended (so far as pertinent here) by increasing death benefits payable to a surviving spouse to $14,000.00. (S.L.1970, c. 318, p. 587)

In 1971 S.B. 174 was introduced, proposing to amend § 22, particularly in respect

to death benefits. This bill proposed payment of $14,000.00 benefit to any surviving spouse. Increments of $4,000.00 were added for each surviving child to $25,000.00 maximum. The base award ($14,000.00) was reserved to a surviving spouse in all cases, and where more than one child survived the excess above this base was apportioned equally among minor dependents. Plain provisions of this proposed amendment unquestionably intended a surviving spouse should be awarded the base amount in every case.

However, records of the 33rd Legislature's proceedings disclose committee disagreement with amendments proposed in S. B. 174. Journal of the House of Representatives (May 25, 1971) reflects submission of a committee substitute for S.B. 174 as introduced. The conference committee proposal presented amendments (with others not germane here) which were adopted, effective October 1, 1972. Those amendments brought into § 22 the provisions now considered.

Noticeable differences exist between the original amendatory proposal and amendments enacted into law. Requirements for award of a fixed sum ($14,000.00) to surviving wife with children were stricken, as was the specific direction that excess of an award above the base amount, accruing by reason of surviving children, should be distributed share and share alike to the dependent children. Judicial notice of legislative proceedings prior to enactment of amendments, which brought death benefit provisions of § 22 into present form, support the conclusion there was no legislative intention to require mandatory allowance of a fixed sum to a surviving spouse.

 Variety of interpretations placed upon distribution of awards under § 22 in this proceeding disclose necessity for judicial interpretation to determine scope and meaning of the statute. The object of interpretation is to reach the true intent and meaning of the Legislature. Territory v. Clark, 2 Okl. 82, 35 P. 882. Rules of statutory construction are used only to remove doubt and never to create. Smith v. Langston, 204 Okl. 444, 230 P.2d 736. Legislative intent may not be ascertained by words alone, but all provisions of a statute are to be taken as a whole, so each provision will harmonize with every other, and remedial purposes of the law preserved. Melton v. Quality Homes, Inc. (Okl.), 312 P.2d 476. A statute should be construed reasonably and sensibly in preference to construction which renders all, or a portion thereof, useless and deleterious, or permits absurd consequences. Brown v. State Election Bd., 197 Okl. 169, 170 P.2d 200.

Amended provisions of § 22 begin with subdivisions 7(1) which schedules death benefits of $14,000.00 payable to a surviving spouse. Subdivisions 7(2)–7(5) add increments of $4,000.00 for each dependent child up to $25,000.00 maximum benefits. Each subdivision of the schedule of payments to a surviving child, or children, makes same "payable as provided hereafter." Subdivisions 7(6) and 7(7) apply only in absence of a surviving spouse or children, and benefits payable to dependent mother and father, or dependent brothers and sisters as the case may be, are limited to $14,000.00 maximum. Both latter provisos are "payable as provided hereafter."

Immediately following subdivisions 8 (not germane herein) the next grammatical paragraph vests discretion in State Industrial Court to provide lump sum awards upon showing of necessity and states:

"* * * where there are dependent children or brothers or sisters, or mother and father, the Industrial Court shall determine the amount or amounts of said award payable to each such child, mother or father, or brother or sister."

Unless this language be construed as vesting discretion to apportion death benefits, other language making awards "payable as hereafter provided" is nullified and rendered meaningless, since under subdivision (2), (3), (4) the entire amount could be awarded a surviving spouse without consideration of dependent children's

needs. A more striking disparity would occur in the case of a living, undivorced mother of ten children who abandons her children, and establishes an adulterous alliance elsewhere. Application of § 22 as here contended for would award the mother the fixed amount as a surviving spouse, without regard to total dependency of the children.

Absurd consequences which emanate from construing dependency to favor a surviving legal wife abound. In Gibbons v. Atlantic Steel Co., 124 Ga.App. 71, 183 S.E.2d 212, the fact claimant voluntarily lived alone, made no effort to locate him and was perfectly happy without deceased, who ceremonially married another, did not justify denying death benefits.

In Johnson v. Birds Eye Frozen Foods, 32 A.D.2d 585, 299 N.Y.S.2d 338, deceased left claimant, and lived in an illicit relationship for five years prior to decedent's death. This conduct was held not to show abandonment, and claimant remained deceased's widow and so entitled to death benefits.

In Zurich Gen. Acc. & Liability Ins. Co. v. Hill (Tex.Civ.App.) 251 S.W.2d 948, an undivorced wife lived apart, indulged in adulterous relationships and "married" a paramour. Following decedent's death she returned and successfully claimed death benefits as surviving widow.

In Liberty Mut. Ins. Co. v. Ellis, 99 Ga. App. 486, 109 S.E.2d 70, claimant left deceased and "married" another but returned to claim death benefits. Claim allowed because she was surviving widow, there being no showing of divorce from deceased.

These decisions point up absurd consequences which may be expected to emanate from construing § 22 as requiring distribution of a fixed amount of death benefits to a surviving legal spouse. Similar unjust results would accrue from construing the statute as requiring award of a fixed sum to a surviving spouse. Even of greater importance is the fact the interpretation sought destroys the discretion vested in State Industrial Court to apportion death benefits to surviving dependents upon basis of need as well as dependency.

Further, the construction contended for can be applied only by deletion of language directing payment "as hereafter provided." This, in turn, requires the (quoted) discretionary clause to be altered, or amended, by judicial construction as having no function except allowing commutation of awards to lump sum payments. Not only would this change and amend plain language of the statute, but the fundamental rule of ascertaining and giving effect to intention of the legislature would be violated. Okl. Alcoholic Bev. Control Bd. v. Central Liquor Co. (Okl.), 421 P.2d 244.

■■ We are of the opinion the Legislature did not intend, by amendment of § 22, to provide for award of a fixed sum to a surviving spouse where in addition to the surviving spouse deceased leaves one or more dependent children, but intended to vest discretion in State Industrial Court to apportion death benefits among surviving dependents in such case upon showing of need. Our conclusion also disposes of error asserted by reason of the court's refusal to apportion benefits in equal one-ninth shares among those persons determined to be surviving dependents.

■ The second contention urged concerns the attorneys' fees awarded counsel for each successful group of dependents. By statute, 85 O.S. 1971 § 30, State Industrial Court Rule (#28), and decisional law, the matter of attorney's fees in workmen's compensation cases is within exclusive original jurisdiction of that court. Conrad v. Ind. Comm., 181 Okl. 324, 73 P. 2d 858. In Conrad we held an attorney's right to payment for services is a valuable right, for which he cannot be forced to accept an ex parte award. Claim for services must be heard by the court when submitted, and an attorney should be shown the same consideration as a claimant.

■ In the present case request for hearing was made. However, attorneys' fees were fixed ex parte without evidence

reflecting factual basis for allowance of an amount less than that permissible under Rule 28. Although after en banc hearing the order was modified, by increasing the fee allowed previously, no hearing was held which allowed evidentiary presentation concerning value of services performed. Extent of the proceedings involved in proper presentation and establishment of claimant's rights must be considered sufficient to justify allowance of 20% fee allowable under Rule 28.

The award is sustained as respects allocation of death benefits. The order is vacated in respect to attorney's fees, and the cause remanded to State Industrial Court for calculation of fees in accordance with views expressed herein.

Sustained in part, vacated in part and remanded for further proceedings.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

IRWIN, J., concurs in result.