STATE EMPLOYEES — GROUP HEALTH AND LIFE INSURANCE BOARD Pursuant to 74 O.S. 1305 [74-1305](3), five favorable votes must be cast in order for official action to be taken by the State Employees Group Health and Life Insurance Board. The Attorney General has considered your request for opinion on the following question: What number of affirmative votes must be cast by the members of the Oklahoma State Employees Group Health and Life Insurance Board in order for official action to be taken by the Board? As indicated in your letter, Section 74 O.S. 1305 [74-1305](3) of the State Employees Group Health and Life Insurance Act, 74 O.S. 1301 [74-1301] (1971) et seq. provides: "Five members shall constitute a quorum for the transaction of business, but any official action of the Board must have a favorable vote by a majority of the members at a regular or special meeting of the Board." (Emphasis added) The language above-emphasized appears to be susceptible to two possible interpretations. The language could be interpreted in such manner to require only a favorable vote of a majority of the members present at any meeting of the Board where there was at least a quorum or interpreted so as to require a favorable vote of a majority of the total membership of the Board for official action to be taken. The construction and interpretation given said language obviously will be determinative of your question. In the event the interpretation requiring only a favorable vote of a majority of the members present at any meeting of the Board is adopted, the potential would exist for official action to be taken on behalf of the Board by a mere majority of the minimum number of members necessary to constitute a quorum, or three members. If, on the other hand, that construction was given the language which would require the favorable vote of the majority of the total membership of the Board, there would exist the possibility, again assuming only the minimum number of members necessary to constitute a quorum were in attendance at any particular meeting, that a unanimous vote would be required for official action to be taken on any subject. The Supreme Court has stated that the object of interpretation of statutes is to reach the true intent and meaning of the Legislature. Becknell v. State Industrial Court, 512 P.2d 1180 (1973). The State Court of Criminal Appeals has stated heretofore that: "The fundamental rule of construction of a statute is to ascertain and give effect to the intention of the Legislature as expressed in the statute. To ascertain the intention of the Legislature in the enactment of the statute, the Court may look to each part of the same, to other statutes upon the same or relative subjects, to the evils and mischiefs to be remedied, and to the natural or absurd consequences of any particular interpretation." Thomas v. State, Okl. Cr., 404 P.2d 71 (1965). The powers and duties of the State Employees Group Health and Life Insurance Board are prescribed at Section 1306 of the Act as follows: "(1) The Board shall administer and manage the Health and Life Insurance Plans and, subject to the provisions of this act, shall have the following powers and duties: "(a) The preparation of specifications for the Health and Life Insurance Plans; "(b) The authority and duty to request bids through the Purchasing Division of the State Board of Public Affairs, and to contract with a carrier or carriers to underwrite the Health and Life Insurance Plans; "(c) The determination of the methods of claims administration under the Health and Life Insurance Plans, whether by the state or the carrier or carriers or both; "(d) The determination of the eligibility of employees and their dependents to participate in the Health Insurance Plan and the eligibility of employees to participate in the Life Insurance Plan provided that evidence of insurability shall not be a requirement in determining an employee's initial eligibility; "(e) The determination of the amount of employee payroll deductions and the responsibility of establishing the procedure by which such deduction shall be made; "(f) The establishment of a grievance procedure by which the Board shall act as an appeals body for complaints by insured employees regarding the allowance and payment of claims, eligibility, and other matters; "(g) The continuing study of the operation of the Health and Life Insurance Plans including such matters as gross and net costs, administrative costs, benefits, utilization of benefits and claims administration; "(h) The administration of the Health and Life Insurance Reserve Fund or Funds. "(2) The Board, pursuant to the provisions of Title 75 O.S. 301 [75-301] — 75 O.S. 325 [75-325] of the Oklahoma Statutes, shall adopt such rules and regulations consistent with the provisions of this act as it deems necessary to carry out its statutory duties and responsibilities." To administer the Act, the Legislature established an eight-man board consisting of the Executive Director of the Oklahoma Public Employees Retirement System, the Insurance Commissioner, the Attorney General the Director of State Finance, the State Purchasing Director of the State Board of Public Affairs, the Commissioner of Charities and Corrections the Director of Public Welfare and the State Highway Director. 74 O.S. 1304 [74-1304]. We are of the opinion that the fact the Board is comprised of a large number of state department heads and other high ranking public officials evidences a recognition by the Legislature that the duties and responsibilities of the Board are of such magnitude that input and consideration from a number of different areas of state government is necessary. For this reason, we do not believe it to have been the intention of the Legislature that official action could be taken on behalf of the Board by as few as three members thereof. It is felt that the Legislature must have intended that a majority of the entire membership of the Board be in accord on any particular subject before official action could be taken thereon and we therefore adopt the latter interpretation of the emphasized language from Section 74 O.S. 1305 [74-1305](3). It is, therefore, the opinion of the Attorney General that, pursuant to 74 O.S. 1305 [74-1305](3), five favorable votes must be cast in order for official action to be taken by the State Employees Group Health and Life Insurance Board. (William Don Kiser)