59019. RUSH et al. v. HOLTZCLAW.

McMurray, Presiding Judge.

This is the so-called two-widow case with reference to a worker (Charles Holtzclaw) who was killed in the course of his employment on April 11, 1978. The decedent was allegedly married three times, leaving dependent children. However, the children's entitlement to benefits is not an issue.

Following his divorce on July 7, 1969, Charles Holtzclaw (decedent) immediately married Patricia Dianne Franklin and was never divorced from her. Consequently, she was the legal widow of this deceased employee. They had two children but their dependency is not involved in this review. He voluntarily deserted or abandoned Patricia on or about September 17, 1970. Patricia then entered into a ceremonial marriage with William Rush on January 6, 1976, believing that the decedent had obtained a divorce from her prior to her marriage to Rush. After the decedent's death in April, 1978, she and Rush continued to live together as husband and wife until August, 1978, when they separated.

Harriet D. Holtzclaw, the second competing alleged widow, now enters the picture with a ceremonial marriage with the decedent (not divorced from Patricia) on August 15, 1977. It is undisputed that Harriet did not know of his prior undissolved marriage to Patricia, and Harriet was in fact living with him and was solely dependent upon him for her support at the time of his death, thinking that she was his legal wife.

The administrative law judge and the full board ruled that since the decedent was legally married to Patricia at the time of her husband's death, she (along with his various children) is entitled to benefits as his widow. However, the superior court reversed the board, directing that since Patricia, believing she was married to Rush, continued to live with Rush after the impediment to her marriage to Rush had been removed by decedent's death, lost her dependency under Code § 114-414 in that "the dependency of a widow . . . of a deceased employee shall terminate with remarriage." The superior court also held that the claimant, Harriet Holtzclaw, was entitled to benefits as an actual dependent, directing the board

that the award be amended so that compensation be paid to Harriet Holtzclaw as a dependent of the deceased employee under Code § 114-414. Upon application of claimant Patricia Rush we granted a discretionary appeal. *Held:*

1. "Under Code § 114-414, providing that a wife who has not voluntarily deserted or abandoned her husband at the time of the accident shall be conclusively presumed wholly dependent upon him for support, the fact that a wife, after abandonment by her husband, contracted a bigamous marriage with another does not in itself operate to exclude her from benefits under the act." *Lumbermen's Mut. Cas. Co. v. Reed,* 84 Ga. App. 541 (3) (66 SE2d 360). See also *Williams v. American Mut. Liability Ins. Co.,* 72 Ga. App. 205 (2), 208 (33 SE2d 451); *Gibbons v. Atlantic Steel Co.,* 124 Ga. App. 71 (183 SE2d 212). Thus, it is clear that the claimant, Patricia Holtzclaw Rush, would have been entitled to dependent benefits as the decedent's legal wife at the time of his death arising out of the course of his employment. However, it is also clear that she ceased to be a dependent immediately thereafter due to the decedent's death and her continued cohabitation with Rush. "Where parties enter into a ceremonial marriage which is not valid because of the incapacity of one of them, unknown to the other, but the impediment is later removed, their continued cohabitation thereafter as husband and wife is sufficient to create the presumption of a valid common-law marriage, nothing further appearing." *Brown v. Sheridan,* 83 Ga. App. 725 (1c) (64 SE2d 636). See also *Smith v. Reed,* 145 Ga. 724 (89 SE 815); *Addison v. Addison,* 186 Ga. 155 (1) (197 SE 232). Under Code § 114-414, "the dependency of a widow or widower of a deceased employee shall terminate with remarriage." Thus, the superior court was correct in ruling that Patricia Holtzclaw Rush was not entitled to dependent benefits.

2. At the time of the decedent's death, he could not have a legal widow presumed to be entitled to workers' compensation as such which terminated with her immediate remarriage, albeit at common law, and thus leave some other person, not a wife ("surviving spouse"), with whom he was living in adultery or as a result of a bigamous marriage as a dependent. No other type of dependency is claimed. See Code § 114-414. True, Harriet was free from fault. Where a man having a living wife enters into a ceremonial marriage to another woman, such purported second marriage is void. See *Reese v. American Mut. Liability Ins. Co.,* 67 Ga. App. 420 (2) (20 SE2d 773) and cits. See also the special concurrence of Judge Eberhardt in the case of *Insurance Co. of N. A.*

*v. Jewel,* 118 Ga. App. 599 (164 SE2d 846) at pp. 602, 604.

This case differs on its facts from *Insurance Co. of N. A. v. Jewel,* 118 Ga. App. 599, supra. In this case the legal widow (Patricia Rush) filed a claim to compensation, and in Division 1 it has been determined that she would have been entitled to compensation as his widow. Nevertheless, inasmuch as she had immediately become the common law wife of Rush, upon the death of the decedent, she was under the law no longer entitled to compensation as a dependent since same terminated with her remarriage, albeit at common law. Since we have determined that, at the moment of decedent's death, Patricia became his legal widow but that she instantaneously lost her dependency pursuant to Code § 114-414 because of her remarriage under common law by continuing to live with Mr. Rush, certainly we cannot hold that the decedent's purported wife, Harriet (although she *believed* she was his wife and legal widow), would be entitled to the proceeds. The case of *Insurance Co. of N. A. v. Jewel,* supra, while containing the language cited in the dissent hereto, nevertheless does not so hold in that opinion. Said language is merely quoted in *Insurance Co. of N. A. v. Jewel,* supra, as being the ruling in other states.

Accordingly, the judgment of the superior court is correct in reversing the board's award to Patricia Dianne Franklin Holtzclaw, decedent employee's legal wife at the time of his death, inasmuch as she immediately became the common law wife of William Rush and consequently was no longer entitled to compensation as a dependent under Code § 114-414. However, the superior court was in error in directing that the award be amended so as to award compensation to Harriet Holtzclaw as a dependent of the deceased employee under Code § 114-414. All of the compensation should be awarded to the dependent children of the decedent.

*Judgment affirmed in part and reversed in part. Deen, C. J., Quillian, P. J., Carley and Sognier, JJ., concur. Smith, Shulman, Banke and Birdsong, JJ., dissent.*

Submitted October 31, 1979 — Decided March 14, 1980 —

*H. Darrell Greene,* for appellants.
*Ernest V. Harris, James E. Hardy, John C. Parker,* for appellee.

BANKE, Judge, dissenting.

I am in full agreement with all that is said in Division 1 of the majority opinion but dissent to the holding in Division 2 that the appellee, Harriet D. Holtzclaw, is not entitled to benefits. As stated in the majority opinion, it is undisputed that Harriet was in fact living with the decedent and was completely dependent on him at the time of his death. It is also undisputed that she married him in good faith, not learning of his prior undissolved marriage to Patricia until after his death. Under these circumstances, there is neither any reason nor any authority for denying her benefits. Code Ann. § 114-414 clearly provides that persons other than spouses or children may be considered dependents if their actual dependency is shown by the evidence. In *Insurance Co. of N. A. v. Jewel,* 118 Ga. App. 599 (164 SE2d 846) (1968), this court reviewed various cases from other states with similar statutory provisions and found that "where the claimant has in good faith entered into a ceremonial marriage with the employee, the courts have generally held the claimant to be entitled to an award based on dependency. [Cits]." Accord, 2 Larson, Law of Workmen's Compensation, § 63.42 (1976).

By denying benefits to Harriet, the majority has gone against the weight of authority while serving no apparent beneficial purpose. Had Patricia's potential right to recover as the decedent's lawful widow not terminated immediately after his death, the situation might be different, for then it could at least be argued that the spouse category was already filled. However, since Patricia is not entitled to receive benefits as the decedent's actual widow, why not allow Harriet's claim based on her actual dependency and her good faith marriage to the decedent? The majority does not answer this question, and in my opinion, its ruling in Division 2 needlessly frustrates the "spirit and purpose of the Act which is 'to alleviate human suffering and to contribute to human need when accidental injury is suffered . . .' *Lumbermen's Mut. Cas. Co. v. Griggs,* 190 Ga. 277, 288 (9 SE2d 84)." *Gibbons v. Atlantic Steel Co.,* 124 Ga. App. 71, 72 (183 SE2d 212) (1971).

I would affirm the judgment of the trial court in its entirety.