## 67813. SPANN et al. v. CLARK.

CARLEY, Judge.

Appellee, alleging that she was the legal widow of Tommie Clark, filed two consecutive petitions for a year's support from his estate. Appellants, who are Clark's children, filed caveats to the appraisers' returns on the ground that appellee was not Clark's legal widow. Following a hearing, the probate court found that appellee was the legal widow of Clark, but reduced the amount of the appraisers' awards. Appellants appealed that ruling to the superior court. A jury trial was held, whereupon the jury made the determination that appellee was Clark's legal widow, and that the returns of the appraisers were not excessive. Appellants appeal to this court from the denial of their motion for a new trial.

1. Enumerating as error the general grounds, appellants assert that there was no evidence that appellee was Clark's legal widow.

The evidence shows that Tommie Clark married Estella McCrimmon in 1932. In 1955, Clark filed for a divorce against Estella McCrimmon Clark, but a divorce was never obtained. Thereafter, in 1958, Tommie Clark and appellee were ceremonially married. Ten years later, Estella McCrimmon Clark died. Appellee and Tommie Clark continued to live together as husband and wife from the date of their ceremonial marriage until Tommie Clark's death in 1977. Appellants contend that, because of Clark's prior undissolved marriage, he lacked capacity to enter into another marriage contract, and his ceremonial marriage to appellee was therefore void. They further contend that no subsequent affirmative act by appellee and Clark evidenced a valid common-law marriage.

" 'Where parties enter into a ceremonial marriage which is not valid because of the incapacity of one of them, *unknown to the other*, but the impediment is later removed, their continued cohabitation thereafter as husband and wife is sufficient to create the presumption of a valid common-law marriage, nothing further appearing.' [Emphasis supplied.] [Cits.]" *Rush v. Holtzclaw*, 154 Ga. App. 4, 5 (267 SE2d 316) (1980). See also *Hawkins v. Hawkins*, 166 Ga. 153, 155 (142 SE 684) (1928).

In the instant case, appellee's uncontroverted testimony was that she knew that Clark had been married to Estella McCrimmon, but that at the time that appellee ceremonially married him, she thought that he was single and eligible to marry. Moreover, from the time of their marriage until his death, which period encompassed the nine-year period after Estella McCrimmon Clark's death, appellee and Clark lived as husband and wife. Based upon the above-stated principles of law, the evidence was sufficient to authorize a finding that appellee was Clark's legal widow. *Rush v. Holtzclaw*, supra; *Hawkins v.*

*Hawkins,* supra; *Brown v. Sheridan,* 83 Ga. App. 725 (1c) (64 SE2d 636) (1951). Compare *Foster v. Foster,* 178 Ga. 791 (3) (174 SE 532) (1932), where the man's incapacity to marry was known by the woman at the inception of their cohabitation, and therefore their meretricious relationship was presumed to have continued, absent affirmative evidence showing that the parties subsequently entered into an agreement to become husband and wife.

2. Appellants contend that the superior court erred in charging the jury that appellants had the burden to prove that appellee was not the legal widow of Clark.

"Where there is a ceremony of marriage before the dissolution of the true marriage, the law establishes a rebuttable presumption that the true marriage has been dissolved, and *the burden is upon the one who attacks the validity of the second ceremony of marriage* to produce 'clear, distinct, and positive proof' that the true marriage had not been dissolved. The presumption of the validity of the marriage ceremony in the latter instance must be negatived by disproving every reasonable possibility to the effect that the true marriage had not been dissolved." (Emphasis supplied.) *Travelers Ins. Co. v. Lester,* 73 Ga. App. 465, 466 (36 SE2d 880) (1946).

3. Appellants finally assert that the superior court erred in refusing to give their requested charge on the presumptions and burdens of proof which exist where parties enter into a meretricious relationship. See *Brown v. Sheridan,* supra at 728. However, as previously noted, appellee's testimony that she did not know of Clark's incapacity to marry at the time of their ceremonial marriage was uncontroverted. Therefore, such principles of law are inapplicable and unsupported by the evidence in the instant case. The superior court did not err in refusing to give appellants' requested charge.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1984 —
REHEARING DENIED JULY 18, 1984 —

*B. W. Walker,* for appellants.
*Rembert C. Cravey,* for appellee.