577 So.2d 658 (1991)
Elizabeth Ann ANDERSON, Appellant,
v.
Michael ANDERSON, Appellee.
No. 90-2137.
District Court of Appeal of Florida, First District.
March 29, 1991.
*659 Robert B. Staats of Staats, Overstreet, White & Clarke, Panama City, for appellant.
Carroll L. McCauley, Panama City, for appellee.
SMITH, Judge.
Elizabeth Anderson appeals a final judgment which found that her eighteen year marriage to Michael Anderson was invalid. We reverse and remand.
Appellant, the wife, was previously married. She testified that she and appellee, the husband, believed that her previous marriage had been legally dissolved when they took part in a ceremonial marriage in Savannah, Georgia on March 17, 1972. In fact, the dissolution of the former marriage did not become final until April 5, 1972, nineteen days after her marriage to appellee. However, both the appellant and appellee presented evidence below that each believed their ceremonial marriage was valid until the certified copy of the judgment of dissolution of the first marriage was produced.
A petition for dissolution of marriage was filed by the husband in December 1989, after the wife filed a petition for alimony unconnected with divorce. After both parties had closed their respective cases, but before the trial court made any rulings, the husband filed a motion to reopen the case to permit the submission of evidence on the validity of the ceremonial marriage. The lower court granted the motion and accepted into evidence a certified copy of the judgment of dissolution of the wife's first marriage, and an affidavit in which the husband averred that he was unaware that the dissolution of the former marriage was not final when he participated in the ceremonial marriage with appellant. The husband's affidavit also listed the various places the parties had lived, and the length of residency at each place, during the ceremonial marriage. At a hearing held after the case was reopened, the wife corroborated in substantial measure the husband's statement of residence, and also testified that she believed the dissolution of her former marriage was final when she took part in a ceremonial marriage with the appellee.
In its final judgment,[1] the trial court found that the parties were unable to legally contract a valid marriage when their marriage ceremony was performed in Savannah, Georgia. The lower court also found, without elaboration, that "no valid common law marriage existed between the parties." It is not apparent from the final judgment whether the lower court considered the law of the State of Georgia in ruling on the possibility of a common law marriage. The uncontroverted evidence, however, established that the parties lived, cohabited, and held themselves out as husband and wife in the State of Georgia, *660 among other states, after the wife's divorce from her first husband.[2] Therefore, both Florida and Georgia law must be examined to determine whether a common law marriage existed.
As both parties agree, Florida does not recognize the validity of common law marriages contracted in this state after 1968. § 741.211, F.S. (1969). However, as found by the Second District in a case of first impression in this state, Florida will respect a common law marriage when entered into in a state which recognizes common law marriages. Johnson v. Lincoln Square Properties, 571 So.2d 541 (Fla. 2d DCA 1991). The law in Florida on this point is consistent with the general rule recognized in other jurisdictions that the validity of a marriage is to be determined by the law of the jurisdiction where the marriage was entered into. See, generally, 52 Am.Jur.2d, Marriage, § 80; Restatement (Second), Conflict of Laws § 283 (1969).[3] It should be added that, under Florida law, all presumptions necessary to make a marriage valid, including the capacity to contract, attach upon proof of a ceremonial marriage and cohabitation by the parties under the belief that they were lawfully married. Grace v. Grace, 162 So.2d 314 (Fla. 1st DCA 1964).
Both parties to this appeal concede that Georgia law recognizes common law marriages. Both parties also concede that Georgia law provides that "[w]here parties enter into a ceremonial marriage which is not valid because of the incapacity of one of them, unknown to the other, but the impediment is later removed, their continued cohabitation thereafter as husband and wife is sufficient to create the presumption of a valid common-law marriage, nothing further appearing." Rush v. Holtzclaw, 154 Ga. App. 4, 5, 267 S.E.2d 316, 317 (Ga. Ct.App. 1980), quoting, Brown v. Sheridan, 83 Ga. App. 725, 64 S.E.2d 636 (Ga.Ct.App. 1951); see also, Zurich Insurance Co. v. Craft, 103 Ga. App. 889, 120 S.E.2d 922 (Ga.Ct.App. 1961); Spann v. Clark, 171 Ga. App. 690, 320 S.E.2d 822 (Ga. App. 1984). We hold that given the undisputed facts of this case a valid common law marriage was established under Georgia law.
We find no error in the lower court's decision to reopen the case and to accept into evidence both the husband's affidavit and the certified copy of the judgment of dissolution of the wife's previous marriage. However, as noted, we find that the trial court erred in concluding that no valid common law marriage existed.
Accordingly, we reverse the judgment appealed, and remand for entry of a final judgment of dissolution of marriage. The court shall also consider, and shall include in the final judgment, such provisions as may be appropriate as to all property and financial matters pertinent to the dissolution, and may receive such additional evidence as the court may deem necessary to determine these issues.
REVERSED and REMANDED.
WIGGINTON, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] The trial court later amended the final judgment to restore the wife to her maiden name.
[2] The wife also was designated and qualified as the wife of appellee, who was in the military service of the United States, with respect to all governmental privileges and benefits available to military dependents.
[3] It should be noted that a court need not recognize as valid a marriage which is valid in the jurisdiction where consummated where recognition would affront the public policy of the forum state. See, 52 Am.Jur.2d, Marriage, § 82.